1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Judge Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INTERNATIONAL BUSINESS MACHINES
CORPORATION, a New York Corporation,

Plaintiff,

v.

ZILLOW GROUP, INC., a Washington
Corporation, ZILLOW, INC., a Washington
Corporation,

Defendants.

Case No. 2:20-cv-00851-TSZ

**ZILLOW'S ANSWER TO IBM'S FIRST
AMENDED COMPLAINT AND
ZILLOW'S DEFENSES AND
COUNTERCLAIMS**

JURY TRIAL DEMANDED

## ZILLOW 'S ANSWER TO
## IBM'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants Zillow Group, Inc. and Zillow, Inc. (together, "Zillow") answer the allegations of the First Amended Complaint, Dkt. No. 40 ("FAC") filed on December 2, 2019, by International Business Machines Corporation ("IBM"). Zillow answers based upon actual knowledge as to itself and upon information and belief as to all other persons and events, as follows. Zillow generally denies all allegations not expressly admitted. Headings do not constitute any portion of Zillow's answer.

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

## JURISDICTION AND VENUE

1. Zillow admits that this action purports to assert claims of patent infringement arising under 35 U.S.C § 271. Zillow otherwise denies the allegations of Paragraph 1.

2. Zillow admits that this action purports to assert claims of patent infringement arising under 35 U.S.C § 271 *et seq*., and to that extent admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338. Zillow otherwise denies the allegations of Paragraph 2.

3. Zillow admits that the United States District Court for the Western District of Washington has personal jurisdiction over Zillow. Zillow admits that it has a regular and established place of business in this judicial district. Zillow otherwise denies the remaining allegations of Paragraph 3.

4. Zillow admits that venue is proper in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1400(b). Zillow admits that it has a regular and established place of business in this judicial district. Zillow otherwise denies the allegations of Paragraph 4.

**A.   Allegations Regarding Zillow's Place of Business**

5. Zillow admits that Zillow Group and Zillow, Inc. have an office located at 2600 Michelson Drive, Suite 1200, Irvine, CA 92612, that is marked with Zillow Group's name and logo. Zillow admits that as of December 31, 2018, it had approximately 60,074 square feet of general office space in Irvine, California. Zillow otherwise denies the allegations in Paragraph 5.

6. Zillow denies the allegations in Paragraph 6.

7. Zillow admits that it has posted available jobs in the Central District of California. Zillow otherwise denies the allegations in Paragraph 7.

8. Zillow admits that it has marketing and sales personnel located in the Central District of California. Zillow otherwise denies the allegations in Paragraph 8.

DEFS.' ANSWER, DEFENSES AND COUNTERCLAIMS - *2*
Case No. 2:20-cv-00851-TSZ

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

9.   Zillow denies the allegations of Paragraph 9.

10.   Zillow admits that it has purchased, repaired, and sold residential properties in the Central District of California. Zillow otherwise denies the allegations in Paragraph 10.

**B.    Allegations Regarding Development of Products and Services**

11.   Zillow denies the allegations in Paragraph 11.

12.   Zillow admits that Boaz Brudner is a Senior Group Manager in Zillow's Irvine office. Zillow admits the substance of Paragraph 3 of the November 8, 2019, Declaration of Nate Moch (Dkt. No. 34-2). Zillow admits that it has employed Michael (Shinbo) Wang, David Stewart, Stravya Kotte, and Gideon Williams in its Irvine, California office. Zillow otherwise denies the allegations in Paragraph 12.

13.   Zillow admits the substance of Paragraph 3 of the November 8, 2019, Declaration of Nate Moch (Dkt. No. 34-2). Zillow otherwise denies the allegations in Paragraph 13.

14.   Zillow admits the substance of Paragraphs 11 and 13 of the November 8, 2019, Declaration of Nate Moch (Dkt. No. 34-2). Zillow otherwise denies the allegations in Paragraph 14.

15.   Zillow admits that employees in its Irvine office have participated in Hack Week events. Zillow otherwise denies the allegations in Paragraph 15.

16.   Zillow admits that it has servers in this judicial district through which employees working in this district can access documents. Zillow otherwise denies the allegations in Paragraph 16.

**C.    Allegations Regarding Zillow's Actions**

17.   Zillow denies the allegations in Paragraph 17.

DEFS.' ANSWER, DEFENSES AND COUNTERCLAIMS - *3*
Case No. 2:20-cv-00851-TSZ

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

18.  Zillow admits that users access its website and mobile applications from this judicial district, and that it receives revenue in connection with such access. Zillow otherwise denies the allegations in Paragraph 18.

19.  Zillow denies the allegations in Paragraph 19.

20.  Zillow admits that employees in its Irvine office have participated in Hack Week events. Zillow otherwise denies the allegations in Paragraph 20.

21.  Zillow admits that the Amazon Web Services hosts content and functionality and provides edge caching for its website and mobile applications using servers located outside Seattle and the Western District of Washington. Zillow otherwise denies the allegations in Paragraph 21.

**D.      Allegations Regarding Direction and Control of Method Steps**

22.  Zillow denies the allegations in Paragraph 22.

**E.      Allegations Regarding Inducing Infringement**

23.  Zillow denies the allegations in Paragraph 23.

24.  Zillow admits that it advertises its website and mobile applications to users in this district, including using digital advertising. Zillow admits the substance of Paragraph 11 of the November 8, 2019, Declaration of Nate Moch (Dkt. No. 34-2). Zillow admits that https://zillow.zendesk.com/hc/en-us is available in this district. Zillow otherwise denies the allegations in Paragraph 24.

**F.      Allegations Regarding Contribution to Infringement**

25.  Zillow denies the allegations in Paragraph 25.

26.  Zillow admits that it provides its website and mobile applications to end users in this district who are subject to its terms of service, collects information regarding such users, and earns revenue through advertising. Zillow otherwise denies the allegations in Paragraph 26.

S U S M A N   G O D F R E Y   L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1

**G.      Allegations Regarding IBM's Place of Business**

2

27.  Zillow lacks knowledge or information sufficient to form a belief as to the truth of

3

IBM's allegations in Paragraph 27.

4

28.  Zillow lacks knowledge or information sufficient to form a belief as to the truth of

5

IBM's allegations in Paragraph 28.

6

7

## INTRODUCTION

8

29.  Zillow lacks knowledge or information sufficient to form a belief as to the truth of

9

IBM's allegations in Paragraph 29 regarding IBM's spending on research and development or the

10

size of its patent portfolio. Zillow otherwise denies the allegations in Paragraph 29.

11

## THE PARTIES

12

30.  Admitted.

13

31.  Admitted.

14

32.  Admitted.

15

16

33.  Admitted.

17

34.  Zillow admits the substance of the disclosure at Page 10 of its 2018 Form 10-K

18

regarding Zillow Offers. Zillow admits that the Zillow Offers service is available in the Central

19

District of California. Zillow otherwise denies the allegations in Paragraph 34.

20

## FACTUAL BACKGROUND

21

**A.      IBM's Claim to Be a Recognized Inventor.**

22

35.      Zillow lacks knowledge or information sufficient to form a belief as to the truth of

23

IBM's allegations in Paragraph 35.

24

25

36.      Zillow lacks knowledge or information sufficient to form a belief as to the truth of

26

IBM's allegations in Paragraph 36.

27

DEFS.' ANSWER, DEFENSES AND COUNTERCLAIMS - *5*
Case No. 2:20-cv-00851-TSZ

S U S M A N   G O D F R E Y   L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

**B.    IBM's Claim to Be Committed to Protecting Its Innovations Through the Patent System**

37.    Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 37.

38.    Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 38.

**C.    IBM's Claim to Routinely License Its Patents in Many Fields but That It Will Enforce Its Rights Against Those Who Use Its Intellectual Property Unlawfully**

39.    Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 39.

40.    Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 40.

**D.    IBM's Claim to Have Invented Methods for Presenting Applications and Advertisements in an Interactive Service While Developing the Prodigy Online Service**

41.    Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 41.

42.    Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 42.

43.    Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 43.

**E.    IBM's Claims to Have Invented Methods for a Runtime User Account Creation Operation Using a Single-Sign-on Process in a Federated Computer Environment**

44.    Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 44.

45.    Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 45.

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1

2

**F.      IBM's Claims to Have Invented Method for Computing the Desirability of a
Geographic Area by Converting Unstructured Image Data Into Structured Data**

46.   Zillow lacks knowledge or information sufficient to form a belief as to the truth of
IBM's allegations in Paragraph 46.

47.   Zillow lacks knowledge or information sufficient to form a belief as to the truth of
IBM's allegations in Paragraph 47.

48.   Zillow lacks knowledge or information sufficient to form a belief as to the truth of
IBM's allegations in Paragraph 48.

49.   Zillow lacks knowledge or information sufficient to form a belief as to the truth of
IBM's allegations in Paragraph 49.

50.   Zillow lacks knowledge or information sufficient to form a belief as to the truth of
IBM's allegations in Paragraph 50.

51.   Zillow lacks knowledge or information sufficient to form a belief as to the truth of
IBM's allegations in Paragraph 51.

52.   Zillow lacks knowledge or information regarding the specific facts set forth in
Paragraph 52.

53.   Zillow lacks knowledge or information sufficient to form a belief as to the truth of
IBM's allegations in Paragraph 53.

54.   Zillow lacks knowledge or information sufficient to form a belief as to the truth of
IBM's allegations in Paragraph 54.

55.   Zillow lacks knowledge or information sufficient to form a belief as to the truth of
IBM's allegations in Paragraph 55.

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1

2

**G.     IBM's Claims to Have Invented Methods for Filter-Based Selection and Synchronizing of a Map Display and a List Display**

3

4
56.   Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 56.

5

6
57.   Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 57.

7

8
58.   Zillow lacks knowledge or information sufficient to form a belief as to the truth of the specific facts set forth in Paragraph 58.

9

10
59.   Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 59.

11

12
60.   Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 60.

13

14
61.   Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 61.

15

16
62.   Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 62.

17

18
**H.     IBM's Claims to Have Invented Methods for Improving Graphical User Interfaces by Using Layers to Simultaneously Display Multiple Object Categories**

19

20
63.   Zillow lacks knowledge or information sufficient to form a belief as to the truth of the specific facts set forth in Paragraph 63.

21

22
64.   Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 64.

23

24
65.   Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 65.

25

26

27

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

66. Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 66.

67. Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 67.

68. Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 68.

69. Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 69.

70. Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 70.

71. Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 71.

**I.      IBM's Claims to Have Invented Methods for Automatically Associating Related Advertisements to Individual Search Results Items**

72. Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 72.

73. Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 73.

74. Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 74.

75. Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 75.

76. Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 76.

DEFS.' ANSWER, DEFENSES AND COUNTERCLAIMS - *9*
Case No. 2:20-cv-00851-TSZ

S U S M A N   G O D F R E Y   L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

77. Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 77.

78. Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 78.

79. Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 79.

80. Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 80.

**J.     IBM's Claims to Have Invented Methods for Improving Computer-Generated Promotions by Using Promotion Templates**

81. Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 81.

82. Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 82.

83. Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 83.

84. Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 84.

85. Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 85.

86. Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 86.

87. Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 87.

DEFS.' ANSWER, DEFENSES AND COUNTERCLAIMS - *10*
Case No. 2:20-cv-00851-TSZ

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

88.   Zillow lacks knowledge or information sufficient to form a belief as to the truth of IBM's allegations in Paragraph 88.

**K.      IBM's Claims That Zillow Has Built Its Business by Infringing IBM's Patents**

89.   Zillow admits that it provides access to real estate listing and related services on its online and mobile platforms. Zillow admits that it purchases and sells homes directly in some instances and that its revenue as reported in its 2018 10-K exceeded one billion dollars. Zillow otherwise denies the allegations in Paragraph 89.

90.   Zillow denies the allegations in Paragraph 90.

91.   Zillow admits that IBM and Zillow have discussed patent licensing since June 2016, including by exchanging letters, meeting, and holding telephone calls. Zillow otherwise denies the allegations in Paragraph 91.

92.   Zillow admits that IBM sent Zillow a letter concerning the '849 and '789 patents on or around August 11, 2017. Zillow admits that IBM sent Zillow a letter concerning the '346 patent on or around October 31, 2017. Zillow admits that IBM presented claim charts regarding the '849, '789, and '349 patents and regarding other patents that are not in suit on or around November 13, 2017. Zillow otherwise denies the allegations in Paragraph 92.

93.   Zillow admits that IBM sent Zillow a letter and provided claim charts concerning the '183 and '389 patents on or around January 14, 2019. Zillow admits that IBM communicated with Zillow and provided claim charts regarding the '904 and '443 patents on or around August 26, 2019. Zillow admits that IBM provided Zillow with an additional claim chart regarding the '183 patent on or around November 25, 2019. Zillow otherwise denies the allegations in Paragraph 93.

94.   Zillow denies the allegations in Paragraph 94.

95.   Zillow admits that IBM is seeking relief, including royalties, in this suit. Zillow otherwise denies the allegations in Paragraph 95.

DEFS.' ANSWER, DEFENSES AND COUNTERCLAIMS - *11*
Case No. 2:20-cv-00851-TSZ

S U S M A N   G O D F R E Y   L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

## COUNT ONE

## INFRINGEMENT OF THE '849 PATENT

96.   Zillow incorporates by reference its responses to paragraphs 1–95.

97.   Zillow does not contest that IBM owns the '849 patent, that the '849 patent was assigned to IBM, or that the patent was issued by the USPTO on July 4, 2006. Zillow denies that the '849 patent was duly and properly issued.

98.   Zillow denies that the '849 patent is valid and enforceable.

99.   Zillow denies the allegations in Paragraph 99.

100.   Zillow admits that the quoted statements are taken from Zillow Group's 2018 form 10-K statement. Zillow admits that Zillow Group operates and owns Zillow, Inc. Zillow otherwise denies the allegations in Paragraph 100.

101.   Admitted.

102.   Zillow denies the allegations in Paragraph 102.

103.   Zillow denies the allegations in Paragraph 103 and each and every one of its subsections. Zillow denies that Exhibit 43 shows any infringement by Zillow. Zillow denies the allegation that Zillow infringes claim 1, or any other claim, of the '849 patent, and further denies that it performs the actions set forth in Paragraphs 103(a) through (d).

104.   Zillow denies the allegations in Paragraph 104.

105.   Zillow denies the allegations in Paragraph 105.

106.   Zillow denies the allegations in Paragraph 106.

107.   Zillow denies the allegations in Paragraph 107.

108.   Zillow denies the allegations in Paragraph 108.

109.   Zillow admits that it has known of the '849 patent since on or around August 11, 2017. Zillow otherwise denies the allegations in Paragraph 109.

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

110.   Zillow admits that Zillow Group's Annual Report lists $1,333,554,000 of revenue, and that the quoted text comes from Zillow Group's 2018 form 10-K. Zillow otherwise denies the allegations in Paragraph 110.

111.   Zillow denies the allegations in Paragraph 111.

112.   Zillow denies the allegations in Paragraph 112.

113.   Zillow denies the allegations in Paragraph 113.

114.   Zillow denies the allegations in Paragraph 114.

115.   Zillow admits that https://zillow.zendesk.com/hc/en-us provides support for using Zillow's website. Zillow denies the allegations in Paragraph 115.

116.   Zillow denies the allegations in Paragraph 116.

117.   Zillow denies the allegations in Paragraph 117.

118.   Zillow denies the allegations in Paragraph 118.

## COUNT TWO

## INFRINGEMENT OF THE '346 PATENT

119.   Zillow incorporates by reference its responses to paragraphs 1–118.

120.   Zillow does not contest that IBM owns the '346 patent, that the '346 patent was assigned to IBM, or that the patent was issued by the USPTO on December 8, 2009. Zillow denies that the '346 patent was duly and properly issued.

121.   Zillow denies that the '346 patent is valid and enforceable.

122.   Zillow denies the allegations in Paragraph 122.

123.   Zillow admits that the quoted statements are taken from Zillow Group's 2018 form 10-K statement. Zillow admits that Zillow Group operates and owns Zillow, Inc. Zillow otherwise denies the allegations in Paragraph 123.

124.   Admitted.

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

125.   Zillow denies the allegations in Paragraph 125.

126.   Zillow denies the allegations in Paragraph 126 and each and every one of its subsections. Zillow denies that Exhibit 49 shows any infringement by Zillow. Zillow denies the allegation that Zillow infringes claim 1, or any other claim, of the '346 patent, and further denies that it performs the actions set forth in Paragraphs 126(a) through (d).

127.   Zillow denies the allegations in Paragraph 127.

128.   Zillow denies the allegations in Paragraph 128.

129.   Zillow admits that it has known of the '346 patent since on or around October 31, 2017. Zillow otherwise denies the allegations in Paragraph 129.

130.   Zillow denies the allegations in Paragraph 130.

131.   Zillow denies the allegations in Paragraph 131.

132.   Zillow denies the allegations in Paragraph 132.

## COUNT THREE

## INFRINGEMENT OF THE '183 PATENT

133.   Zillow incorporates by reference its responses to paragraphs 1–132.

134.   Zillow does not contest that IBM owns the '183 patent, that the '183 patent was assigned to IBM, or that the patent was issued by the USPTO on January 26, 2016. Zillow denies that the '183 patent was duly and properly issued.

135.   Zillow denies that the '183 patent is valid and enforceable.

136.   Zillow denies the allegations in Paragraph 136.

137.   Zillow admits that the quoted statements are taken from Zillow Group's 2018 form 10-K statement. Zillow admits that Zillow Group operates and owns Zillow, Inc. Zillow otherwise denies the allegations in Paragraph 137.

DEFS.' ANSWER, DEFENSES AND COUNTERCLAIMS - *14*
Case No. 2:20-cv-00851-TSZ

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

138.   Admitted.

139.   Zillow denies the allegations in Paragraph 139.

140.   Zillow denies the allegations in Paragraph 140 and each and every one of its subsections. Zillow denies that Exhibit 41 shows any infringement by Zillow. Zillow denies the allegation that Zillow infringes claim 1, or any other claim, of the '183 patent, and further denies that it performs the actions set forth in Paragraphs 140(a) through (e).

141.   Zillow denies the allegations in Paragraph 141.

142.   Zillow denies the allegations in Paragraph 142.

143.   Zillow denies the allegations in Paragraph 143.

144.   Zillow denies the allegations in Paragraph 144.

145.   Zillow denies the allegations in Paragraph 145.

146.   Zillow admits that it has known of the '183 patent since on or around January 14, 2019. Zillow otherwise denies the allegations in Paragraph 146.

147.   Zillow admits that Zillow Group's Annual Report lists $1,333,554,000 of revenue, and that the quoted text comes from Zillow Group's 2018 form 10-K. Zillow otherwise denies the allegations in Paragraph 147.

148.   Zillow denies the allegations in Paragraph 148.

149.   Zillow denies the allegations in Paragraph 149.

150.   Zillow admits that it provides its website and mobile applications to end users in this district who are subject to its terms of service, collects information regarding such users, and earns revenue through advertising. Zillow otherwise denies the allegations in Paragraph 150.

151.   Zillow denies the allegations in Paragraph 151.

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

152.   Zillow admits the substance of Paragraph 11 of the November 8, 2019, Declaration of Nate Moch (Dkt. No. 34-2). Zillow further admits that http://zillow.zendesk.com/hc/en-us provides information regarding the use of Zillow's website. Zillow otherwise denies the allegations in Paragraph 152.

153.   Zillow denies the allegations in Paragraph 153.

154.   Zillow denies the allegations in Paragraph 154.

155.   Zillow denies the allegations in Paragraph 155.

## **COUNT FOUR**

## **INFRINGEMENT OF THE '789 PATENT**

156.   Zillow incorporates by reference its responses to paragraphs 1–155.

157.   Zillow does not contest that IBM owns the '789 patent, that the '789 patent was assigned to IBM, or that the patent was issued by the USPTO on October 13, 2015. Zillow denies that the '789 patent was duly and properly issued.

158.   Zillow denies that the '789 patent is valid and enforceable.

159.   Zillow denies the allegations in Paragraph 159.

160.   Zillow admits that the quoted statements are taken from Zillow Group's 2018 form 10-K statement. Zillow admits that Zillow Group operates and owns Zillow, Inc. Zillow otherwise denies the allegations in Paragraph 160.

161.   Admitted.

162.   Zillow denies the allegations in Paragraph 162.

163. Zillow denies the allegations in Paragraph 163 and each and every one of its subsections. Zillow denies that Exhibit 57 shows any infringement by Zillow. Zillow denies the

DEFS.' ANSWER, DEFENSES AND COUNTERCLAIMS - *16*
Case No. 2:20-cv-00851-TSZ

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

allegation that Zillow infringes claim 8, or any other claim, of the '789 patent, and further denies that it performs the actions set forth in Paragraphs 163(a) through (e).

164.  Zillow denies the allegations in Paragraph 164.

165.  Zillow denies the allegations in Paragraph 165.

166.  Zillow denies the allegations in Paragraph 166.

167.  Zillow denies the allegations in Paragraph 167.

168.  Zillow admits that it has known of the '789 patent since on or around August 11, 2017. Zillow otherwise denies the allegations in Paragraph 168.

169.  Zillow admits that Zillow Group's Annual Report lists $1,333,554,000 of revenue, and that the quoted text comes from Zillow Group's 2018 form 10-K. Zillow otherwise denies the allegations in Paragraph 169.

170.  Zillow denies the allegations in Paragraph 170.

171.  Zillow denies the allegations in Paragraph 171.

172.  Zillow denies the allegations in Paragraph 172.

173.  Zillow denies the allegations in Paragraph 173.

174.   Zillow admits the substance of Paragraph 11 of the November 8, 2019, Declaration of Nate Moch (Dkt. No. 34-2). Zillow further admits that http://zillow.zendesk.com/hc/en-us provides information regarding the use of Zillow's website. Zillow otherwise denies the allegations in Paragraph 174.

175.  Zillow denies the allegations in Paragraph 175.

176.  Zillow denies the allegations in Paragraph 176.

177.  Zillow denies the allegations in Paragraph 177.

DEFS.' ANSWER, DEFENSES AND COUNTERCLAIMS - *17*
Case No. 2:20-cv-00851-TSZ

S U S M A N   G O D F R E Y   L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## COUNT FIVE

## INFRINGEMENT OF THE '389 PATENT

178.   Zillow incorporates by reference its responses to paragraphs 1–177.

179.   Zillow does not contest that IBM owns the '389 patent, that the '389 patent was assigned to IBM, or that the patent was issued by the USPTO on March 6, 2007. Zillow denies that the '389 patent was duly and properly issued.

180.   Zillow denies that the '389 patent is valid and enforceable.

181.   Zillow denies the allegations in Paragraph 181.

182.   Zillow admits that the quoted statements are taken from Zillow Group's 2018 form 10-K statement. Zillow admits that Zillow Group operates and owns Zillow, Inc. Zillow otherwise denies the allegations in Paragraph 182.

183.   Admitted.

184.   Zillow denies the allegations in Paragraph 184.

185.   Zillow denies the allegations in Paragraph 185 and each and every one of its subsections. Zillow denies that Exhibit 59 shows any infringement by Zillow. Zillow denies the allegation that Zillow infringes claim 1, or any other claim, of the '389 patent, and further denies that it performs the actions set forth in Paragraphs 185(a) through (f).

186.  Zillow denies the allegations in Paragraph 186.

187.  Zillow denies the allegations in Paragraph 187.

188.  Zillow denies the allegations in Paragraph 188.

189.  Zillow denies the allegations in Paragraph 189.

190.  Zillow denies the allegations in Paragraph 190.

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

191.   Zillow admits that it has known of the '389 patent since on or around January 14, 2019. Zillow otherwise denies the allegations in Paragraph 129.

192.   Zillow admits that Zillow Group's Annual Report lists $1,333,554,000 of revenue, and that the quoted text comes from Zillow Group's 2018 form 10-K. Zillow otherwise denies the allegations in Paragraph 192.

193.   Zillow denies the allegations in Paragraph 193.

194.   Zillow denies the allegations in Paragraph 194.

195.   Zillow admits that it provides its website and mobile applications to end users in this district who are subject to its terms of service, collects information regarding such users, and earns revenue through advertising. Zillow otherwise denies the allegations in Paragraph 195.

196.   Zillow denies the allegations in Paragraph 196.

197.   Zillow admits that IBM has quoted from the Declaration of Nate Moch. Zillow further admits that http://zillow.zendesk.com/hc/en-us provides information regarding the use of Zillow's website. Zillow otherwise denies the allegations in Paragraph 197.

198.   Zillow denies the allegations in Paragraph 198.

199.   Zillow denies the allegations in Paragraph 199.

200.   Zillow denies the allegations in Paragraph 200.

## COUNT SIX

## INFRINGEMENT OF THE '443 PATENT

201.   Zillow incorporates by reference its responses to paragraphs 1–200.

202.   Zillow does not contest that IBM owns the '443 patent, that the '443 patent was assigned to IBM, or that the patent was issued by the USPTO on July 11, 2006. Zillow denies that the '443 patent was duly and properly issued.

DEFS.' ANSWER, DEFENSES AND COUNTERCLAIMS - *19*
Case No. 2:20-cv-00851-TSZ

S U S M A N   G O D F R E Y   L . L . P .
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

203.  Zillow denies that the '443 patent is valid and enforceable.

204.  Zillow denies the allegations in Paragraph 204.

205.  Zillow admits that the quoted statements are taken from Zillow Group's 2018 form 10-K statement. Zillow admits that Zillow Group operates and owns Zillow, Inc. Zillow otherwise denies the allegations in Paragraph 206.

206.  Admitted.

207.  Zillow denies the allegations in Paragraph 207.

208.  Zillow denies the allegations in Paragraph 208 and each and every one of its subsections. Zillow denies that Exhibit 62 shows any infringement by Zillow. Zillow denies the allegation that Zillow infringes claim 1, or any other claim, of the '443 patent, and further denies that it performs the actions set forth in Paragraphs 208(a) through (d).

209.  Zillow denies the allegations in Paragraph 209.

210.  Zillow denies the allegations in Paragraph 210.

211.  Zillow denies the allegations in Paragraph 211.

212.  Zillow denies the allegations in Paragraph 212.

213.  Zillow admits that it has known of the '443 patent since on or around August 26, 2019. Zillow otherwise denies the allegations in Paragraph 213.

214.  Zillow admits that Zillow Group's Annual Report lists $1,333,554,000 of revenue, and that the quoted text comes from Zillow Group's 2018 form 10-K. Zillow otherwise denies the allegations in Paragraph 214.

215.  Zillow denies the allegations in Paragraph 215.

216.  Zillow denies the allegations in Paragraph 216.

DEFS.' ANSWER, DEFENSES AND COUNTERCLAIMS - *20*
Case No. 2:20-cv-00851-TSZ

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

217.  Zillow admits that it provides its website and mobile applications to end users in this district who are subject to its terms of service, collects information regarding such users, and earns revenue through advertising. Zillow otherwise denies the allegations in Paragraph 217.

218.  Zillow denies the allegations in Paragraph 218.

219.  Zillow admits the substance of Paragraph 11 of the November 8, 2019, Declaration of Nate Moch (Dkt. No. 34-2). Zillow further admits that http://zillow.zendesk.com/hc/en-us provides information regarding the use of Zillow's website. Zillow otherwise denies the allegations in Paragraph 219.

220.  Zillow denies the allegations in Paragraph 220.

221.  Zillow denies the allegations in Paragraph 221.

222.  Zillow denies the allegations in Paragraph 222.

## COUNT SEVEN

## INFRINGEMENT OF THE '904 PATENT

223.  Zillow incorporates by reference its responses to paragraphs 1–222.

224.  Zillow does not contest that IBM owns the '904 patent, that the '904 patent was assigned to IBM, or that the patent was issued by the USPTO on November 20, 2012. Zillow denies that the '904 patent was duly and properly issued.

225.  Zillow denies that the '904 patent is valid and enforceable.

226.  Zillow denies the allegations in Paragraph 226.

227.  Zillow admits that the quoted statements are taken from Zillow Group's 2018 form 10-K statement. Zillow admits that Zillow Group operates and owns Zillow, Inc. Zillow otherwise denies the allegations in Paragraph 227.

228.  Admitted.

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

229.   Zillow denies the allegations in Paragraph 229.

230.   Zillow denies the allegations in Paragraph 230 and each and every one of its subsections. Zillow denies that Exhibit 65 shows any infringement by Zillow. Zillow denies the allegation that Zillow infringes claim 1, or any other claim, of the '904 patent, and further denies that it performs the actions set forth in Paragraphs 230(a) through (h).

231.   Zillow denies the allegations in Paragraph 231.

232.   Zillow denies the allegations in Paragraph 232.

233.   Zillow denies the allegations in Paragraph 233.

234.   Zillow denies the allegations in Paragraph 234.

235.   Zillow denies the allegations in Paragraph 235.

236.   Zillow denies the allegations in Paragraph 236.

237.   Zillow admits that it has known of the '904 patent since on or around August 26, 2019. Zillow otherwise denies the allegations in Paragraph 237.

238.   Zillow admits that Zillow Group's Annual Report lists $1,333,554,000 of revenue, and that the quoted text comes from Zillow's 2018 form 10-K. Zillow otherwise denies the allegations in Paragraph 238.

239.   Zillow denies the allegations in Paragraph 239.

240.   Zillow denies the allegations in Paragraph 240.

241.   Zillow admits that it provides its website and mobile applications to end users in this district who are subject to its terms of service, collects information regarding such users, and earns revenue through advertising. Zillow otherwise denies the allegations in Paragraph 241.

242.   Zillow denies the allegations in Paragraph 242.

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1

2

243.  Zillow admits that IBM has quoted from the Declaration of Nate Moch. Zillow further

admits that http://zillow.zendesk.com/hc/en-us provides information regarding the use of Zillow's

3

website. Zillow otherwise denies the allegations in Paragraph 243.

4

244.  Zillow denies the allegations in Paragraph 244.

5

245.  Zillow denies the allegations in Paragraph 245.

6

246.  Zillow denies the allegations in Paragraph 246.

7

8

## **RELIEF REQUESTED**

9

Zillow denies that IBM is entitled to any relief in connection with the allegations in the

10

FAC, including the relief requested in Paragraphs (A) through (Y) of IBM's Relief Requested set

11

forth in its FAC.

12

To the extent any allegation of the FAC has not previously been specifically admitted or

13

denied, Zillow denies it.

14

15

## **DEMAND FOR JURY TRIAL**

16

IBM's demand for a trial by jury on all claims and issues so triable asserts no allegations

17

and therefore does not call for a response.

18

## **DEFENSES**

19

Without admitting or acknowledging that Zillow bears the burden of proof as to any of the

20

following defenses on which it would not otherwise bear the burden of proof, regardless of them

21

being identified as defenses, based upon information and belief, Zillow asserts the following

22

defenses and reserves the right to amend its defenses and to add additional defenses, including, but

23

not limited to, any defenses revealed during discovery.

24

25

26

27

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## FIRST DEFENSE

### (Non-Infringement)

Zillow has not infringed any valid claim of the '849, '346, '183, '789, '389, '443 and/or '904 Patents (the "Patents-In-Suit"), directly or indirectly, literally or under the Doctrine of Equivalents or otherwise, and has not otherwise committed any acts in violation of 35 U.S.C. § 271. Therefore, Zillow is not liable for any infringement of the Patents-In-Suit.

## SECOND DEFENSE

### (Invalidity)

One or more claims of the Patents-in-Suit are invalid for failure to meet one or more of the requirements of 35 U.S.C. §§ 101, *et seq*., including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto. One or more claims of the Patents-In-Suit are invalid for at least the reasons set forth in Zillow's Patent Local Rule 3-3 Invalidity Contentions served on April 24, 2020, which are incorporated herein by reference.

## THIRD DEFENSE

### (Prosecution History Estoppel and Disclaimer)

IBM is estopped by the doctrines of prosecution history estoppel and prosecution disclaimer from construing any valid claim of the Patents-In-Suit to be infringed literally or under the Doctrine of Equivalents due to admissions and/or statements made (a) to the U.S. Patent and Trademark Office during prosecution related to the Patents-In-Suit and/or (b) in the specifications and claims of the Patents-In-Suit.

## FOURTH DEFENSE

### (Marking)

To the extent that IBM, any former assignee, or any of IBM's licensees failed to properly mark any of its relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice

DEFS.' ANSWER, DEFENSES AND COUNTERCLAIMS - *24*
Case No. 2:20-cv-00851-TSZ

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

that Zillow's actions allegedly infringed any claim of the Patents-In-Suit, Zillow is not liable to IBM for the acts alleged to have been performed before Zillow received notice that it was allegedly infringing the Patents-In-Suit.

## FIFTH DEFENSE

### (Collateral Estoppel)

IBM is precluded from relitigating theories of infringement and/or claim construction positions that were finally and necessary decided in prior suits, including, without limitation, in *International Business Machines Corp. v. Booking Holdings Inc.*, No. 2018-1574 (Fed. Cir. May 22, 2019); *International Business Machines Corp. v. Iancu*, Nos. 2018-1065, 2018-1066 (Fed. Cir. April 21, 2019); *International Business Machines Corporation v. Expedia, Inc.*, No. 1:17-cv-01875-LPS-CJB (D. Del.); *International Business Machines Corp. v. Groupon*, No. 1:16-cv-00122-LPS (D. Del.); *International Business Machines Corp. v. The Priceline Group*, No. 1:15-cv-00137-LPS (D. Del.); *Expedia Inc. v. International Business Machines Corp.*, IPR2018-01743 (PTAB March 19, 2019); *Kayak Software Corporation v. International Business Machines Corp.*, CBM2016-00075 (PTAB); *Kayak Software Corporation v. International Business Machines Corp.*, CBM2016-00076 (PTAB); *Priceline.com LLC v. International Business Machines Corp.*, IPR2016-00609 (PTAB); *Expedia, Inc. et al v. International Business Machines Corp.*, IPR2019-00404 (PTAB); *Expedia, Inc. et al v. International Business Machines Corp.*, IPR2018-01685 (PTAB); and *Groupon, Inc. v. International Business Machines Corp.*, IPR2017-01158 (PTAB).

DEFS.' ANSWER, DEFENSES AND COUNTERCLAIMS - *25*
Case No. 2:20-cv-00851-TSZ

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## SIXTH DEFENSE

### (On Sale Bar)

On information and belief, the '849 Patent is not patentable because the claimed invention was in public use, on sale, or otherwise available to the public more than one year prior to the filing of the application giving rise to the '849 Patent and it is therefore subject to the on-sale bar codified in 35 U.S.C. § 102. The supporting facts of Zillow's on sale bar defense are set forth in detail in Zillow's Factual Allegations and Counterclaim Count Three below and incorporated by reference as if fully set forth herein.

## SEVENTH DEFENSE

### (Waiver)

IBM's claims are barred, in whole or in part, by waiver.

## EIGHTH DEFENSE

### (Unclean Hands)

IBM's claims are barred, in whole or in part, by IBM's unclean hands. IBM's unclean hands are demonstrated at least by its conduct set forth in Zillow's Factual Allegations and Counterclaim Count Three, which is incorporated herein by reference.

## NINTH DEFENSE

### (Statute of Limitations)

IBM's claims for relief are barred, at least in part, by 35 U.S.C. § 286.

## TENTH DEFENSE

### (Inequitable Conduct)

On information and belief, the '849 Patent is unenforceable based on the inequitable conduct and repeated breaches of the duty of candor by those with a duty of candor in connection with the

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

prosecution of at least the application that resulted in the '849 Patent and related applications. The supporting facts of Zillow's inequitable conduct defense are set forth in detail in Zillow's Factual Allegations and Counterclaim Count Three below and incorporated by reference as if fully set forth herein.

### ELEVENTH DEFENSE

### (No Irreparable Harm)

IBM is not entitled to any injunctive relief because any injury to IBM is neither immediate nor irreparable, and IBM has adequate remedies at law.

### TWELTH DEFENSE

### (No Costs)

IBM failed to disclaim the claims of the Patents-In-Suit that are invalid before commencement of suit and is therefore barred by 35 U.S.C. § 288 from recovering any costs associated with this action.

### THIRTEENTH DEFENSE

### (Failure to State a Claim)

IBM's FAC fails to state a claim against Zillow upon which any relief may be granted.

### FOURTEENTH DEFENSE

### (No Exceptional Case)

IBM cannot prove this is an exceptional case justifying an award of attorneys' fees against Zillow pursuant to 35 U.S.C. § 285 and is thus not entitled to such fees.

DEFS.' ANSWER, DEFENSES AND COUNTERCLAIMS - *27*
Case No. 2:20-cv-00851-TSZ

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

## FIFTEENTH DEFENSE

### (Adequate Remedy at Law)

IBM is not entitled to injunctive relief because any alleged injury to IBM is not immediate or irreparable and IBM has an adequate remedy at law.

## SIXTEENTH DEFENSE

### (License)

IBM's claims are barred, in part or in whole, because Zillow and the accused products and conduct are licensed by IBM under prior licenses and agreements to which IBM is a party.

## ADDITIONAL DEFENSES

Zillow reserves all affirmative defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may be available now or may become available in the future based on discovery or any other factual investigation in this case.

## COUNTERCLAIMS

Counterclaim Plaintiffs Zillow Group, Inc. and Zillow, Inc. (together, "Zillow") assert counterclaims for declarations of non-infringement and invalidity of one or more claims of U.S. Patent Nos. 7,072,849 (the "'849 patent"), 7,076,443 (the "'443 patent"), 7,187,389 (the "'389 patent"), 7,631,346 (the "'346 patent"), 8,315,904 (the "'904 patent"), 9,158,789 (the "'789 patent"), and 9,245,183 (the "'183 patent") (collectively, the "Patents-In-Suit"), as well as for unenforceability due to inequitable conduct with respect to the '849 Patent, and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Counterclaim Plaintiff Zillow Group, Inc. is a Washington corporation with a principal place of business at 1301 Second Avenue, Floor 31, Seattle, Washington.

2.      Counterclaim Plaintiff Zillow, Inc. is a Washington corporation with a principal place of business at 1301 Second Avenue, Floor 31, Seattle, Washington.

DEFS.' ANSWER, DEFENSES AND COUNTERCLAIMS - *28*
Case No. 2:20-cv-00851-TSZ

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

3.      Counterclaim Defendant International Business Machines Corporation ("IBM") alleges in its FAC that it is a New York corporation with its principal place of business at 1 New Orchard Road, Armonk, New York, 10504.

4.      This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.

5.      Venue in the Western District of Washington is proper as to IBM's FAC pursuant to the court's order granting Zillow's Motion to Transfer (Dkt. 96). Venue is thus also proper as to Zillow's counterclaims pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

6.      IBM has filed suit against Zillow alleging that IBM owns the Patents-In-Suit and accusing Zillow of infringing the Patents-In-Suit.

7.      An actual case or controversy exists between the parties concerning the infringement, validity, and enforceability of one or more claims of each of the Patents-In-Suit. That controversy is ripe for adjudication by this Court.

## FACTUAL ALLEGATIONS

**A.     IBM Has Filed a Meritless Suit For Patent Infringement.**

8.      Zillow provides a variety of real-estate-related services to home buyers and sellers and real estate professional through its website, www.zillow.com, and mobile applications.

9.      IBM has filed this meritless suit for patent infringement against Zillow as part of its ongoing campaign to overwhelm defendant corporations with a barrage of invalid, unenforceable, and irrelevant patents in order to extract exorbitant settlements.

10.     Here, IBM has asserted seven wholly unrelated software patents in a single suit, thereby forcing Zillow to triage its response and pick which of the many deficiencies in IBM's case to address in an attempt to deny Zillow the ability to mount a full and fair defense and strongarm Zillow into an unfair settlement.

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

11.     IBM's strategy of throwing every allegation at the wall to see what sticks, no matter how frivolous, is reflected in IBM's approach to litigating this case. Rather than provide infringement contentions that comply with the Northern District of California's Patent Local Rules and would put Zillow on notice of the accused instrumentalities, IBM sought to obtain discovery from Zillow from which it could then craft a theory of infringement. In denying IBM's motion to compel this improper discovery from Zillow, Magistrate Judge John T. Early stated that he would not wade through the "vast, misshapen record created by IBM's 'Ready–Fire–Aim' approach to discovery." Dkt. 91 at 5.

12.     The entirely meritless nature of IBM's action is further reflected in the fact that Zillow, in response to IBM's pre-suit letters regarding its belief that Zillow infringes certain of the Patents-In-Suit, provided thorough explanations of why it does not infringe, and why those patents are invalid in any event. IBM declined to engage with the substance of many of Zillow's arguments, further demonstrating that its suit is merely an attempt to extract payments to which it has no legal entitlement.

13.     IBM's wholly deficient infringement contentions fail to identify any allegedly infringing Accused Instrumentality, once more demonstrating that IBM does not in fact have any valid basis for claiming infringement. Zillow has explained these deficiencies in detail in its Motion to Strike IBM's Infringement Contentions and Stay Patent Local Rule Deadlines and Other Discovery from Zillow (Dkt. 99) and attached exhibits, which Motion and exhibits Zillow incorporates by reference as if set forth fully herein.

14.     One or more of the asserted claims of each of the Patents-In-Suit is invalid for at least the reasons set forth in Zillow's Patent Local Rule 3-3 Invalidity Contentions served on April

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

24, 2020, and accompanying exhibits, which Zillow incorporates by reference as if set forth fully herein.

**B.      The Invention of the '849 Patent Was Sold, Offered for Sale, and Otherwise Publicly Available Prior to July 17, 1987.**

15.     IBM claims to have developed online service technology for "presenting applications and advertisements in an interactive service that would take advantage of the computing power of each user's PC." FAC (Dkt. 40) at ¶ 42. That technology was initially developed by IBM's Trintex venture, an IBM venture with Sears and CBS. *See* Michael Weinstein, System Flexibility Held Key to Videotex Success; Officer of Consortium About to Enter Field Assesses the Service's Prospects, AMERICAN BANKER, Oct. 2, 1984, at 8. The Trintex technology was the basis for the Prodigy online service. *See* FAC at ¶ 41; *see also* Bill Saporito, "Are IBM and Sears Crazy? Or Canny?," FORTUNE, Sep. 28, 1987 (describing the evolution of Prodigy from Trintex).

16.     IBM and Trintex aimed to and did commercialize the Trintex technology through advertising. *See* Weinstein, at 8 (noting that Trintex expected its service "to be supported by advertisers"); Saporito, ("Prodigy expects to collect most of its revenue by sending to users commercial messages from 60-odd advertisers"). This commercialization occurred prior to July 17, 1987.

17.     IBM and Trintex publicly used and disclosed the Trintex technology. This public use and disclosure occurred prior to July 17, 1987, in sufficient detail to allow one of ordinary skill in the art to make and use what Trintex, IBM, and the inventors later sought to patent with the application for the '849 Patent. Numerous printed publications were publicaly accessible prior to July 17, 1987, which described the Trintex technology in sufficient detail to allow one of ordinary

DEFS.' ANSWER, DEFENSES AND COUNTERCLAIMS - *31*
Case No. 2:20-cv-00851-TSZ

S U S M A N   G O D F R E Y   L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

skill in the art to make and use what Trintex, IBM, the prosecuting attorneys, and the inventors later sought to patent.

18.     For example, as early as 1984, IBM began to attract advertisers to its service through its Trintex venture. *See* Weinstein, at 8 ("Mr. Warwick's presence at the speaker's rostrum at the National Retail Merchants Association conference indicates that Trintex is already trying to increase its visibility among department stores and specialty stores.").

19.     By April 6, 1987, Trintex was "approaching advertisers with the promise of a 1988 start-up." Cleveland Horton, *IBM, Sears Shooting for '88 Entry; New Life for Videotex*, ADVERTISING AGE, Apr. 6, 1987, at 1. Specifically, Trintex was "soliciting charter advertisers" and had already signed "[a]t least one major food company." *Id*.

20.     These pre-July 17, 1987, Trintex solicitations included specific terms for the delivery of advertisements. *See id*. (reporting that Trintex was basing its advertising rate model "on the number of subscribers viewing a particular ad"). These offers were commercial in nature, requiring advertisers to pay to publish its advertisements, where Trintex would practice the Trintex technology to publish those advertisements.

21.     Prior to July 17, 1987, Trintex also offered a special program for direct marketers, based "on the number of orders placed through the service," and touted the platform's ability to partition the user's screen to display advertisements alongside content. *Id*. (noting "about 20% of the screen is occupied by a teaser, or 'leader ad'" that the user can interact with "to reveal additional screens of advertising"). Trintex, IBM, the prosecuting attorneys, and the inventors would seek to patent these same concepts more than one year later than the offers of sale. Specifically, Trintex, IBM, the prosecuting attorneys, and the inventors sought to protect these same concepts in the '849 Patent and related patents, which have an earliest possible priority date claim of July 15, 1988.

22.     Trintex also "approach[ed] national advertisers, financial services and retailers as potential advertisers." *Id.*; *see also* Trintex to Aim On-Line Ads at Demographic Segments, AMERICAN BANKER, Jun. 30, 1987, at 10 (describing benefits of the Trintex system from the company's presentation at a retailers' conference in May 1987, including how the interface is partitioned so that "ads are displayed as subscribers view the editorial sections"); Arthur Markowitz, Trintex Interactive Videotex Service Will Feature Magazine-Type Format, DISCOUNT STORE NEWS, Jun. 22, 1987, at 2 (describing "'peeks' at the service" that Trintex offered during "three separate presentations" to marketing conferences, revealing, among other things, that an advertisement could be partitioned into editorial content). Trintex's offers to sell advertising services to third parties were commercial offers to sell, including commercial offers to actually perform the processes later claimed in the '849 Patent and related patents for consideration.

23.     The commercial nature of Trintex's advertising sales efforts are confirmed by public statements, including a May 1987 announcement that Trintex would feature a flat monthly fee to encourage greater consumer interest, and that Trintex would be able to subsidize that fee because "[t]he service [would] be supported largely by commercial clients and advertisers." David O. Tyson, Meter Won't Run on Trintex Videotex; IBM-Sears Partnership Will Charge Only Flat Monthly Fee, AMERICAN BANKER, May 20, 1987, at 6.

24.     Prior to July 15, 1987, Trintex not only commercially offered to sell, but actually commercially sold advertising services to be delivered by performing the processes and using the apparatuses claimed in the '849 Patent and related patents. For instance, in addition to the specific facts set forth in Zillow's allegations above, by May 26, 1987, Trintex announced that it had "signed Levi Strauss & Co. and Chanel to be among its first advertisers when the system starts operating." *See, e.g.*, Ellen Forman, Sears and Chanel Signed for Trintex Shopping Plan, WOMEN'S WEAR

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

DAILY, May 26, 1987, at 14. But these were only two "among the initial 42 clients for Trintex," which also included "Florsheim shoes, several sporting goods companies, . . . and household product companies." *Id*. By June 3, 1987, Trintex acknowledged that Volkswagen and Bally had also committed to purchase advertisements. Janet Key, Trintex's Aim: Retail Revolution, CHICAGO TRIBUNE, Jun. 3, 1987. And, by late June 1987 the list of "already signed" advertisers – i.e., accepted commercial offers of sale – had grown to include "Aetna Insurance, Dean Witter Reynolds, NEC Home Electronics, . . . and Showtime."

25.     In addition to its commercial offers to sell, Trintex and IBM published articles and made public presentations regarding the technology that it later sought to patent. During prosecution of the '849 Patent, the Board of Patent Appeals and Interferences ("BPAI") was forced to independently locate these articles and related information describing just a few exemplary public disclosures.

26.     The members of and inventors involved with the Prodigy/Trintex service held public trials of the system and gave public interviews and presentations about the system. Articles that describe the Prodigy/Trintex service trials, interviews, and presentations include, but are not limited to:

        a. Paul Hurly et al., The Videotex and Teletext Handbook (Harper & Row, Publ. 1985), pp. i-xi, 11-93 (Chaps. 1-3), 130-159 (Chap. 5), 231-255 (part of Chap. 9), 282-291 (part of Chap. 10), and 380-381 (Appendix B).

        b. Cleveland Horton, IBM, Sears shooting for '88 entry; New life for videotex, Advertising Age, April 6, 1987, p. 1.

        c. Ellen Forman, Surge seen for electronic shopping, Women's Wear Daily, Vol. 153, p. 1, May 21, 1987.

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

d. Jerrold Ballinger, Trintex Signs up 42 Advertising Clients; Is Hoping for Launch in Early '88, VP Says, DM News, June 1, 1987, p. 8.

e. Cleveland Horton, Big advertisers link to videotex venture, Advertising Age, June 15, 1987, p. 72.

f. Arthur Markowitz, Trintex interactive videotex service will feature magazine-type format, Discount Store News, Vol . 26, p. 2, June 22, 1987.

g. Trintex to Aim On-Line Ads At Demographic Segments, The American Banker, June 30, 1987, p. 10.

h. Inside Trintex; Technology & Operations supplement, Women's Wear Daily, Vol. 154, p. S1, September 8, 1987.

i. David Kiley, Trintex: Videotex ·Gets Personalized, Adweek, October 12, 1987, Eastern Edition.

j. Scott Mace, Trintex System Offers Access To Variety of Consumer Services, InfoWorld, p. 5, November 30, 1987.

(collectively, the "Trintex NEXIS Articles").

27.     Those who owed a duty of candor to the Patent Office in connection with the prosecution of the '849 Patent did not disclose the Trintex NEXIS Articles to the Patent Office in connection with the prosecution of the '849 Patent, nor did they disclose information regarding most, if not all, of the trials, presentations, and interviews described in the Trintex NEXIS Articles.

28.     The Patent Office did not consider most, if not all, of the trials, presentations, and interviews described in the Trintex NEXIS Articles while examining '849 applications. The BPAI, itself, was forced to locate this sampling of pre-critical date articles describing the Trintex service. The BPAI correctly recognized that the Trintex NEXIS Articles it discovered were material to

DEFS.' ANSWER, DEFENSES AND COUNTERCLAIMS - *35*
Case No. 2:20-cv-00851-TSZ

S U S M A N   G O D F R E Y   L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

patentability, and rejected numerous pending claim in light of the Trintex NEXIS Articles. These materiality findings apply equally to other related patents, including U.S. Patent Nos. Nos. 5,347,632; 5,594,910; 6,195,661; 5,442,771; 6,195,661; 5,758,072; 6,182,123; 6,199,100; 6,275,852; and 5,796,967. The Trintex NEXIS Articles were not disclosed in U.S. Patent Nos. 5,347,632; 5,594,910; 6,195,661; 5,442,771; 6,195,661; 5,758,072; 6,182,123; 6,199,100; 6,275,852; and 5,796,967; and, if they were, those patents would not have properly issued because the Trintex NEXIS Articles anticipated the claimed subject matter or rendered the claimed subject matter obvious.

## **COUNTERCLAIM COUNT I**

### **(Non-infringement the '849 Patent)**

29.    Zillow realleges and incorporates counterclaim paragraphs 1–28 above.

30.    IBM has sued Zillow alleging that IBM owns the '849 Patent and accusing Zillow of infringing that patent.

31.    An actual case or controversy exists between the parties concerning the infringement of one or more claims of the '849 Patent, and that controversy is ripe for adjudication by this Court.

32.    Zillow has not infringed, and is not infringing, the '849 Patent, either directly or indirectly.

33.    Zillow is entitled to a declaratory judgment that it has not infringed and is not infringing the '849 Patent.

## **COUNTERCLAIM COUNT II**

### **(Invalidity of the '849 Patent)**

34.    Zillow realleges and incorporates counterclaim paragraphs 1–33 above.

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

35.     IBM has sued Zillow alleging that IBM owns the '849 Patent and accusing Zillow of infringing that patent.

36.     An actual case or controversy exists between the parties concerning the validity and enforceability of one or more claims of the '849 Patent, and that controversy is ripe for adjudication by this Court.

37.     One or more claims of the '849 Patent are invalid for failing to meet one or more requisite conditions for patentability pursuant to Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112, and 116, and/or for failure to satisfy the requirements of other equitable doctrines.

38.     Zillow is entitled to a declaratory judgment that the '849 Patent is invalid.

## COUNTERCLAIM COUNT III

### (Unenforceability of the '849 Patent Due To Inequitable Conduct)

39.     Zillow realleges and incorporates counterclaim paragraphs 1–38 above.

40.     The '849 Patent is a division of Application Ser. No. 07/388,156, filed Jul. 28, 1989, now U.S. Pat. No. 5,347,632. U.S. Pat. No. 5,347,632 is a continuation in part of Application Ser. No. 07/328,790 filed Mar. 23, 1989 and abandoned. Application Ser. No. 07/328,790 is a continuation in part of Application Ser. No. 07/219,931 filed Jul. 15, 1988 and abandoned. The earliest priority date that the '849 Patent can claim is thus July 15, 1988.

41.     The earliest possible critical date for the '849 Patent is July 15, 1987.

42.     Public use of, commercial offers to sell, and printed publications describing the claimed subject matter of the '849 Patent prior to July 15, 1987, render claims for that subject matter invalid. The commercial offers to sell occurring prior to July 15, 1987, as set forth above and herein, were material to the patentability of the '849 patent, as well as the other patents with which the '849

patent share a priority claim or claim priority from. These offers were to practice the processes and commercially exploit the systems that Trintex would seek to patent more than one year later. Indeed, IBM admits that the '849 patent was intended to protect Trintex, as later rebranded as Prodigy. FAC at ¶¶ 41-42. If these commercial offers and their subject matter were submitted during the prosecution of the '849 patent, as well as the other patents with which the '849 patent shares a priority claim or claim priority from, the '849 patent would not have issued.

43.     IBM's attorney Paul Scifo prosecuted the '849 Patent from application until 2002. In this capacity, Scifo had a duty of candor and good faith in dealing with the Patent Office. That duty included a duty to disclose to the Patent Office all information known to be material to patentability.

44.     Scifo withheld material information from the Patent Office with the intent to deceive the Patent Office. Scifo did not disclose to the Patent Office IBM's pre-critical date commercialization of technology covered by the '849 Patent, as set forth in the commercial offers for sale set forth above and herein. This commercialization constitutes an invalidating commercial offer for sale within the meaning of the on-sale bar.

45.     In the 1980s, IBM was a member of Trintex, a joint venture to develop technology in the online services field. Trintex's successor was Prodigy. IBM was a member of Prodigy. Prodigy ultimately developed the Prodigy online service.

46.     IBM admits that the Prodigy service was for "presenting applications and advertisement in an interactive service." FAC ¶ 42. IBM admits that the '849 Patented technology was developed as part of the efforts to launch the Prodigy online service. FAC ¶ 41.

DEFS.' ANSWER, DEFENSES AND COUNTERCLAIMS - *38*
Case No. 2:20-cv-00851-TSZ

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

47.     Scifo, was aware of and conveyed to the Patent Office that the supposed inventions of the '849 Patents related to the Prodigy service. *See, e.g.,* '849 Prosecution History – Oct. 24, 1994 Information Disclosure Statement.

48.     Through both the Trintex and Prodigy phases, IBM aimed to commercialize its technology through advertising: Beginning as early as 1984, IBM attempted to attract advertisers to its service through its Trintex venture. Before April 6, 1987, IBM's Trintex venture was approaching national advertisers, financial services providers, and retailers as potential advertisers with the promise of a 1988 start-up.

49.     Prior to April 6, 1987, Trintex solicited charter advertisers and had already signed at least one major food company. These solicitations included specific terms and were predicated on the service's ability to deliver advertising content to a large group of users quickly. Trintex also offered a special program for direct marketers, based on the number of orders placed through the service, and touted the platform's ability to partition the user's screen to display advertisements alongside content.

50.     IBM announced in May 1987 that Trintex would feature a flat monthly fee to encourage greater consumer interest, and that Trintex would be able to subsidize that fee because the service would be supported largely by commercial clients and advertisers. To this end, IBM's Trintex venture began signing-up more advertisers. Before May 26, 1987, the IBM-backed venture announced that it had signed Levi Strauss & Co. and Chanel to be among its first advertisers when the system starts operating. These were only two among the initial 42 clients for Trintex, which also included Florsheim Shoes, several sporting goods companies, and household product companies.

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

51.     By June 3, 1987, Trintex acknowledged that Volkswagen and Bally had also signed-on, and by late June, the list of signed advertisers had grown to include Aetna Insurance, Dean Witter Reynolds, NEC Home Electronics, and Showtime.

52.     By June 15, 1987, at least three dozen of Trintex's initial advertising clients had made an average financial commitment of between $30,000 to $40,000. Thus, from these initial clients alone, Trintex amassed around $1.25 million in financial commitments before June 15, 1987.

53.     Additionally, by June 15, 1987, Trintex had entered into numerous multiyear agreements with its initial advertising clients.

54.     All in all, prior to the earliest possible critical date of July 15, 1987, IBM's online Prodigy/Trintex venture had attained approximately 60 advertising clients for its initial launch.

55.     Scifo misrepresented and withheld IBM's invalidating commercialization of the Prodigy System from the Patent Office with the intent of deceiving the Patent Office.

56.     On information and belief, Scifo had knowledge of these pre-critical date commercialization efforts at least by October 21, 1994, through his investigation of the development and commercialization of the Prodigy service that resulted in a 34-page Information Disclosure Statement he submitted to the Patent Office on October 21, 1994, describing the development and commercialization of the Prodigy service.

57.     As explained in the following paragraphs, Scifo intentionally drafted the October 21, 1994, Information Disclosure Statement in such a way as to be misleading by omitting the details of any pre-July 17, 1987 commercialization of Prodigy to advertisers and, instead, focusing solely on end-user purchases through the Prodigy system that occurred after July 17, 1987.

58.     The October 21, 1994, information disclosure statement did not contain information relating to Prodigy/Trintex's 60 advertising clients prior to the earliest possible critical date. Nor

S U S M A N   G O D F R E Y   L . L . P .
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

did it contain information regarding the extent of the financial commitments from those advertising clients. Scifo never disclosed Prodigy/Trintex's approximately 60 advertising clients from prior to the earliest possible critical date, nor did he disclose the extent of the financial commitments from those advertising clients.

59.     In the information disclosure statement, instead of disclosing IBM's extensive advertising clients and over $1 million in commitments, Scifo disclosed only approximately $149,650 in end-user purchases which occurred after July 15, 1987, and claimed that all commercial activity from before filing was "minimal and wholly incidental to the experimental nature of testing." Withholding information regarding the magnitude of IBM client commitments resulting from IBM's commercialization of the Prodigy system prior to the critical date prevented the examiners of the '849 Patents from properly issuing a rejection based upon the on-sale bar.

60.     Scifo had knowledge of Prodigy/Trintex's pre-critical date commercializing efforts in 2002 when, during prosecution of the '849 Patent, the Board of Patent Appeals and Interferences informed Scifo that it independently located the Trintex NEXIS Articles which described some of the commercialization efforts from before the critical date. Following the Board's identification of these articles, Scifo did not submit a correction to his earlier information disclosure statement.

61.     The fact that the commercial offers to sell recited above precede July 15, 1987 and would preclude issuance of the '849 Patent and related patents creates a reasonable inference that they were intentionally withheld with an intent to deceive the patent office. The reasonableness of this inference was confirmed during the prosecution of the '849 Patent and related applications: The BPAI expressed concerns both about the withheld Trintext NEXIS articles, as recited above, and also with respect to what else was withheld that it did not itself identify when it stated, "In addition to the value of the [Trintex] articles for what they teach on their face as prior art, the NEXIS

DEFS.' ANSWER, DEFENSES AND COUNTERCLAIMS - *41*
Case No. 2:20-cv-00851-TSZ

S U S M A N   G O D F R E Y   L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1   articles, especially those published before the critical date, which cannot be sworn back of or

2   otherwise overcome, raise questions of what else may have been publicly disclosed or on sale that

3   has not been disclosed to the U.S. Patent and Trademark Office (USPTO)." '849 Prosecution

4   History – Feb. 27, 2002 BPAI Opn. at 34. The BPAI further explained that: "These articles raise a

5   question of exactly what else was disclosed about the Trintex service to the public in these speeches

6   before the critical date, apparently without any conditions of confidentiality (since the information

7   found its way into some NEXIS articles), which would have a bearing on the issue of public use.

8   Appellants have not disclosed these presentations to the USPTO or what else was disclosed at the

9   presentations." *Id*.

10  62.     Further confirming Scifo's intent to deceive and failure to comply with the duty to

11  disclose, IBM responded to the BPAI's concern by replaced its prosecuting attorney Paul Scifo and

12  filed a petition to expunge the BPAI's expressed concerns related to the Trintex NEXIS Articles

13  and public use. The fact that IBM sought to expunge from the file history the BPAI's concern

14  regarding the failure to disclose pre-critical date public presentations that anticipated and rendered

15  obvious the subject matter later sought to be patented further supports that the individual acting on

16  behalf of IBM, Scifo, was acting with an intent to deceive. *See* '849 Prosecution History – Apr. 29,

17  2002 Petition to Commission in the Person of the Chairman of the Board of Appeals and

18  Interferences.

19  63.     The claims of the '849 Patents would not have issued if Scifo had dutifully disclosed

20  the material information and prior commercialization, public uses, and public disclosures of the

21  technology IBM sought to patent with the '849 application. The material information Scifo withheld

22  from the Patent Office satisfies the "but-for" materiality test for showing inequitable conduct.

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

64.     For instance, had Scifo disclosed to the Patent Office the fact that Prodigy/Trintex had approximately 60 advertising clients prior to the earliest possible critical date and over $1 million in financial commitments from its advertising clients, the Patent Office would not have issued the '849 Patent because this pre-critical date commercialization constitutes an invalidating commercial offer for sale within the meaning of the on-sale bar.

65.     Scifo also prosecuted U.S. Patent No. 5,347,632 ("'632 Patent") and the U.S. Patent No. 5,796,967 ("'967 Patent). The '967 Patent and the '849 Patent purport to be divisionals of the '632 Patent.

66.     Scifo filed applications for the '967 Patent and '849 Patent on November 26, 1993. The '967 and '849 Patent applications were examined by different examiners at the Patent Office.

67.     Scifo, with the intent to deceive the Patent Office, hid the prosecution of the co-pending '967 and '849 Patent applications from their respective examiners. In doing so, Scifo prevented the examiners from developing an understanding of the claims IBM was seeking so that one or both examiners could issue a proper double patenting rejection. Had the co-pending applications been disclosed to the Patent Office, the '849 Patent would not have issued due to the prohibition on double patenting.

68.     The '967 Patent and the '849 Patent have similar claims. A chart showing the similarity of the claims of the '967 and '849 Patents was publicly filed in *International Business Machines Corporation v. Priceline Group Inc. et al.*, Case No. 15-cv-137-LPS (D. Del.) at Dkt. 103-4, and is attached here as Exhibit 1 and incorporated by reference into Zillow's allegations. As this chart demonstrates, the two patents claim obvious variations of the same alleged invention. As such, information that is material to the patentability of one is material to the patentability of the other.

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

69.   Through his prosecution of the '849 Patent, Scifo had knowledge all office actions and notices relating to the '849 Patent application until at least 2002.

70.   Scifo did not disclose to the examiner of the '849 Patent application the existence of the co-pending '967 Patent application. Thus, Scifo did not give the examiner of the '849 Patent application the information to necessary to determine whether the '849 Patent application was for claims that were patentably distinct from the '967 Patent applications' claims.

71.   By withholding the existence of the co-pending applications from the other application's examiners, Scifo hid from the examiners the fact that IBM was applying for multiple patents on the same subject matter. The issuance of both the '967 and '849 Patents has, therefore, resulted in monopoly power for IBM over the same invention for years longer than permitted by the United States Patent Laws.

72.   Scifo intended to deceive the Patent Office by withholding information regarding the co-pending '967 Patent Application as demonstrated by his pattern of repeatedly withholding plainly material information from the Patent Office examiners in connection with the '849 Patent application.

73.   For instance, just as Scifo did not disclose the '967 Patent application to the '849 Patent application examiner, Scifo did not disclose to the examiner of the '967 Patent application the existence of the co-pending '849 Patent application. Thus, Scifo did not give the examiner of the '967 Patent application the information to necessary to determine whether the '967 Patent application was for claims that were patentably distinct from the '849 Patent applications' claims.

74.   As a further illustration, during the prosecution of the '967 Patent, Scifo had knowledge of U.S. Patent No. 4,688,167 issued to Arun K. Agarwal ("Agarwal reference"), a copy of which is attached hereto as Exhibit 2.

DEFS.' ANSWER, DEFENSES AND COUNTERCLAIMS - *44*
Case No. 2:20-cv-00851-TSZ

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

75.    The Agarwal reference is prior art to the '849 and '967 Patents, and is material to the patentability of the '967 Patent.

76.    Scifo was aware of the Agarwal reference and its materiality at least as early as October 27, 1997, when the examiner of the '849 Patent application rejected certain '849 Patent claims in light of the Agarwal reference.

77.    Despite receiving this rejection several months before the '967 Patent issued, Scifo never disclosed the Agarwal reference to the Patent Office during prosecution.

78.    The Agarwal reference is not cumulative of the art that was before the examiner of the '967 Patent. Indeed, the Agarwal reference anticipates and/or renders obvious one or more claims of the '967 Patent. A chart mapping the claims of the '967 Patent to the Agarwal reference was publicly filed in *International Business Machines Corporation v. Priceline Group Inc. et al.*, Case No. 15-cv-137-LPS (D. Del.) at Dkt. 103-3 and is attached as Exhibit 3 and incorporated by reference as if fully set forth herein.

79.    In yet another example of Scifo's withholding material information from the Patent Office, Scifo did not disclose to the examiner of the '967 Patent application the numerous office actions rejecting the '849 Patent application's claims that were issued prior to the issuance of the '967 Patent. These office actions included:

a. An April 19, 1994, office action rejecting all claims of the '849 Patent application;

b. A June 15, 1995, office action rejecting all claims of the '849 Patent application;

c. An April 30, 1996, office action finally rejecting all claims of the '849 Patent; and

d. An October 27, 1997, office action rejecting all claims of the '849 Patent.

80.    The office actions listed in the preceding paragraph were material to the patentability of the '967 Patent. For example, the June 15, 1995, office action rejecting claims of the '849 Patent

S U S M A N   G O D F R E Y   L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

application reads directly on the claims of the '967 Patent. As an additional example, the October 27, 1997, office action rejecting claims of the '849 Patent application was based on two particularly material prior art references – the anticipatory Agarwal reference and U.S. Patent No. 4,805,134 issued to Seraphin B. Calo.

81.   The single most reasonable inference that can be drawn from Scifo's misrepresentation and repeated pattern of withholding material information from the Patent Office and the examiners of the '849 Patent application is that Scifo withheld and misrepresented material information regarding the '849 Patent with the intent to deceive.

82.   Had Scifo disclosed to the examiner of the '849 Patent application the co-pending '967 Patent application, one or more claims of the '849 Patent would not have issued because they would have been subject to a double patenting rejection over the '967 Patent. *See* Exhibit 1 (chart comparing the elements of the '967 and '849 Patents).

83.   For these reasons, the '849 Patent is unenforceable under the doctrine of inequitable conduct due to repeated breaches of the duty of candor by those who owed a duty of candor to the Patent Office, including Scifo, made with the intent of deceiving the Patent Office in conjunction with the prosecution of the application that resulted in the '849 Patents.

84.   Therefore, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., Zillow requests a declaration by the Court that the '849 Patent is unenforceable due to inequitable conduct.

## COUNTERCLAIM COUNT IV

### (Non-infringement of the '346 Patent)

85.   Zillow realleges and incorporates counterclaim paragraphs 1–84 above.

DEFS.' ANSWER, DEFENSES AND COUNTERCLAIMS - *46*
Case No. 2:20-cv-00851-TSZ

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

86.     IBM has sued Zillow alleging that IBM owns the '346 Patent and accusing Zillow of infringing that patent.

87.     An actual case or controversy exists between the parties concerning the infringement of one or more claims of the '346 Patent, and that controversy is ripe for adjudication by this Court.

88.     Zillow has not infringed, and is not infringing, the '346 Patent, either directly or indirectly.

89.     Zillow is entitled to a declaratory judgment that it has not infringed and is not infringing the '346 Patent.

## COUNTERCLAIM COUNT V

### (Invalidity of the '346 Patent)

90.     Zillow realleges and incorporates counterclaim paragraphs 1–89 above.

91.     IBM has sued Zillow alleging that IBM owns the '346 Patent and accusing Zillow of infringing that patent.

92.     An actual case or controversy exists between the parties concerning the validity and enforceability of one or more claims of the '346 Patent, and that controversy is ripe for adjudication by this Court.

93.     One or more claims of the '346 Patent are invalid for failing to meet one or more requisite conditions for patentability pursuant to Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112, and 116, and/or for failure to satisfy the requirements of other equitable doctrines.

94.     Zillow is entitled to a declaratory judgment that the '346 Patent is invalid.

DEFS.' ANSWER, DEFENSES AND COUNTERCLAIMS - *47*
Case No. 2:20-cv-00851-TSZ

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1
2

## COUNTERCLAIM COUNT VI

### (Non-infringement of the '183 Patent)

3
4

95.     Zillow realleges and incorporates counterclaim paragraphs 1–94 above.

5
6

96.     IBM has sued Zillow alleging that IBM owns the '183 Patent and accusing Zillow of infringing that patent.

7
8

97.     An actual case or controversy exists between the parties concerning the infringement of one or more claims of the '183 Patent, and that controversy is ripe for adjudication by this Court.

9
10

98.     Zillow has not infringed, and is not infringing, the '183 Patent, either directly or indirectly.

11
12

99.     Zillow is entitled to a declaratory judgment that it has not infringed and is not infringing the '183 Patent.

13
14

## COUNTERCLAIM COUNT VII

### (Invalidity of the '183 Patent)

15
16

100.    Zillow realleges and incorporates counterclaim paragraphs 1–99 above.

17
18

101.    IBM has sued Zillow alleging that IBM owns the '183 Patent and accusing Zillow of infringing that patent.

19
20
21
22

102.    An actual case or controversy exists between the parties concerning the validity and enforceability of one or more claims of the '183 Patent, and that controversy is ripe for adjudication by this Court.

23
24
25
26

103.    One or more claims of the '183 Patent are invalid for failing to meet one or more requisite conditions for patentability pursuant to Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112, and 116, and/or for failure to satisfy the requirements of other equitable doctrines.

27

DEFS.' ANSWER, DEFENSES AND COUNTERCLAIMS - *48*
Case No. 2:20-cv-00851-TSZ

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

104.    Zillow is entitled to a declaratory judgment that the '183 Patent is invalid.

## COUNTERCLAIM COUNT VIII

### (Non-infringement of the '789 Patent)

105.    Zillow realleges and incorporates counterclaim paragraphs 1–104 above.

106.    IBM has sued Zillow alleging that IBM owns the '789 Patent and accusing Zillow of infringing that patent.

107.    An actual case or controversy exists between the parties concerning the infringement of one or more claims of the '789 Patent, and that controversy is ripe for adjudication by this Court.

108.    Zillow has not infringed, and is not infringing, the '789 Patent, either directly or indirectly.

109.    Zillow is entitled to a declaratory judgment that it has not infringed and is not infringing the '789 Patent.

## COUNTERCLAIM COUNT IX

### (Invalidity of the '789 Patent)

110.    Zillow realleges and incorporates counterclaim paragraphs 1–109 above.

111.    IBM has sued Zillow alleging that IBM owns the '789 Patent and accusing Zillow of infringing that patent.

112.    An actual case or controversy exists between the parties concerning the validity and enforceability of one or more claims of the '789 Patent, and that controversy is ripe for adjudication by this Court.

113.    One or more claims of the '789 Patent are invalid for failing to meet one or more requisite conditions for patentability pursuant to Title 35 of the United States Code, including

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

without limitation §§ 101, 102, 103, 112, and 116, and/or for failure to satisfy the requirements of other equitable doctrines.

114.     Zillow is entitled to a declaratory judgment that the '789 Patent is invalid.

## COUNTERCLAIM COUNT X

### (Non-infringement of the '389 Patent)

115.     Zillow realleges and incorporates counterclaim paragraphs 1–114 above.

116.     IBM has sued Zillow alleging that IBM owns the '389 Patent and accusing Zillow of infringing that patent.

117.     An actual case or controversy exists between the parties concerning the infringement of one or more claims of the '389 Patent, and that controversy is ripe for adjudication by this Court.

118.     Zillow has not infringed, and is not infringing, the '389 Patent, either directly or indirectly.

119.     Zillow is entitled to a declaratory judgment that it has not infringed and is not infringing the '389 Patent.

## COUNTERCLAIM COUNT XI

### (Invalidity of the '389 Patent)

120.     Zillow realleges and incorporates counterclaim paragraphs 1–119 above.

121.     IBM has sued Zillow alleging that IBM owns the '389 Patent and accusing Zillow of infringing that patent.

122.     An actual case or controversy exists between the parties concerning the validity and enforceability of one or more claims of the '389 Patent, and that controversy is ripe for adjudication by this Court.

123.    One or more claims of the '389 Patent are invalid for failing to meet one or more requisite conditions for patentability pursuant to Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112, and 116, and/or for failure to satisfy the requirements of other equitable doctrines.

124.    Zillow is entitled to a declaratory judgment that the '389 Patent is invalid.

## COUNTERCLAIM COUNT XII

### (Non-infringement of the '443 Patent)

125.    Zillow realleges and incorporates counterclaim paragraphs 1–124 above.

126.    IBM has sued Zillow alleging that IBM owns the '443 Patent and accusing Zillow of infringing that patent.

127.    An actual case or controversy exists between the parties concerning the infringement of one or more claims of the '443 Patent, and that controversy is ripe for adjudication by this Court.

128.    Zillow has not infringed, and is not infringing, the '443 Patent, either directly or indirectly.

129.    Zillow is entitled to a declaratory judgment that it has not infringed and is not infringing the '443 Patent.

## COUNTERCLAIM COUNT XIII

### (Invalidity of the '443 Patent)

130.    Zillow realleges and incorporates counterclaim paragraphs 1–129 above.

131.    IBM has sued Zillow alleging that IBM owns the '443 Patent and accusing Zillow of infringing that patent.

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

132.     An actual case or controversy exists between the parties concerning the validity and enforceability of one or more claims of the '443 Patent, and that controversy is ripe for adjudication by this Court.

133.     One or more claims of the '443 Patent are invalid for failing to meet one or more requisite conditions for patentability pursuant to Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112, and 116, and/or for failure to satisfy the requirements of other equitable doctrines.

134.     Zillow is entitled to a declaratory judgment that the '443 Patent is invalid.

## COUNTERCLAIM COUNT XIV

### (Non-infringement of the '904 Patent)

135.     Zillow realleges and incorporates counterclaim paragraphs 1–134 above.

136.     IBM has sued Zillow alleging that IBM owns the '904 Patent and accusing Zillow of infringing that patent.

137.     An actual case or controversy exists between the parties concerning the infringement of one or more claims of the '904 Patent, and that controversy is ripe for adjudication by this Court.

138.     Zillow has not infringed, and is not infringing, the '904 Patent, either directly or indirectly.

139.     Zillow is entitled to a declaratory judgment that it has not infringed and is not infringing the '904 Patent.

## COUNTERCLAIM COUNT XV

### (Invalidity of the '904 Patent)

140.     Zillow realleges and incorporates counterclaim paragraphs 1–139 above.

DEFS.' ANSWER, DEFENSES AND COUNTERCLAIMS - *52*
Case No. 2:20-cv-00851-TSZ

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

141.   IBM has sued Zillow alleging that IBM owns the '904 Patent and accusing Zillow of infringing that patent.

142.   An actual case or controversy exists between the parties concerning the validity and enforceability of one or more claims of the '904 Patent, and that controversy is ripe for adjudication by this Court.

143.   One or more claims of the '904 Patent are invalid for failing to meet one or more requisite conditions for patentability pursuant to Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112, and 116, and/or for failure to satisfy the requirements of other equitable doctrines.

144.   Zillow is entitled to a declaratory judgment that the '904 Patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Zillow respectfully requests entry of judgment that:

A.   Finds in favor of Zillow and against IBM;

B.   Denies IBM's prayer for injunctive relief;

C.   Declares that the claims of each of the Patents-In-Suit are invalid;

D.   Declares that Zillow has not infringed any of the Patents-In-Suit;

E.   Declares the '849 Patent unenforceable due to inequitable conduct;

F.   Finds that this is an exceptional case and that Zillow is a prevailing party under 35 U.S.C. § 285.

G.   Awards Zillow its costs, expenses, and attorneys' fees incurred in this action; and,

H.   Grants such other and further relief as the Court may deem just and proper.

DEFS.' ANSWER, DEFENSES AND COUNTERCLAIMS - *53*
Case No. 2:20-cv-00851-TSZ

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Zillow hereby demands a trial by jury on all claims and issues so triable.

Dated: June 11, 2020                                 Respectfully submitted,

By: /s/ *Ian B. Crosby*
    Ian B. Crosby, WSBA 28461
    icrosby@susmangodfrey.com
    Daniel Shih, WSBA 37999
    dshih@susmangodfrey.com
    Katherine Peaslee, WSBA 52881
    kpeaslee@susmangodfrey.com
    SUSMAN GODFREY L.L.P.
    1201 Third Avenue, Suite 3800
    Seattle, WA 98101
    Telephone: (206) 516-3880
    Facsimile: (206) 516-3883

    *Attorneys for Zillow Group, Inc. and Zillow, Inc*

DEFS.' ANSWER, DEFENSES AND COUNTERCLAIMS - *54*
Case No. 2:20-cv-00851-TSZ

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1

2

**CERTIFICATE OF SERVICE**

3

    I hereby certify that on June 11, 2020, I electronically filed the foregoing with the Clerk of

4

the Court using the CM/ECF system, which will send notification of such filing to all counsel of

5

record.

6

                                          /s/ *Ian B. Crosby*
                                          Ian B. Crosby

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DEFS.' ANSWER, DEFENSES AND COUNTERCLAIMS - *55*
Case No. 2:20-cv-00851-TSZ

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883