UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INTERNATIONAL BUSINESS
MACHINES CORPORATION,

          Plaintiff,

  v.

ZILLOW GROUP, INC.; and ZILLOW,
INC.,

          Defendants.

C20-851 TSZ

MINUTE ORDER

     This matter having been transferred to this Court pursuant to 28 U.S.C. § 1404(a) by the Central District of California, the following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

     (1)    A scheduling order was entered in this case prior to its transfer, *see* Minutes (docket no. 52); *see also* Order (docket no. 69), and the parties have proposed changes to certain deadlines, *see* Stipulation (docket no. 95), some of which have already expired. The Court will enter an amended scheduling order after the conference described in Paragraph 5, below. The deadline for joining parties and amending pleadings that was set forth in the scheduling order issued January 23, 2020, docket no. 52, remains in effect and has expired.

     (2)    Defendants' motion to strike infringement contentions and stay deadlines and discovery, docket no. 80, is DENIED. While this matter was pending in the Central District of California, the parties were operating under the Patent Local Rules of the Northern District of California, which require a plaintiff in patent litigation to serve infringement contentions identifying specifically where and how each limitation of each asserted patent claim is found within each "Accused Instrumentality." N.D. Cal. Patent L.R. 3-1(c). The Local Patent Rules of this District contain a similar requirement. *See* W.D. Wash. Local Patent Rule 120(c). Given the strong similarity between these local rules, the cases from the Northern District of California evaluating the sufficiency of

MINUTE ORDER - 1

infringement contentions offer helpful standards that will be applied in this matter. *See Genuine Enabling Tech. LLC v. Nintendo Co.*, 2019 WL 3779867 at *4 (W.D. Wash. Aug. 12, 2019). Those standards indicate that infringement contentions must have a degree of specificity that provides "reasonable notice to the defendant why the plaintiff believes it has a 'reasonable chance of proving infringement.'" *Id.* (quoting *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010)). In this matter, defendants Zillow Group, Inc. and Zillow, Inc. (collectively, "Zillow") accuse plaintiff International Business Machines Corporation ("IBM") of serving deficient infringement contentions for two reasons: (i) failure to specifically identify the Accused Instrumentality; and (ii) failure to identify where and how each claim limitation is found within each Accused Instrumentality.[1]  This litigation involves seven patents-in-suit and six Zillow systems, which are each accused of infringing at least two of the patents at issue. Each Zillow system, other than Zillow Mobile Apps, consists of current and prior versions of a website and/or webpages, along with the services that "underlie or support" them. *See* Ex. Z to Peaslee Decl. (docket no. 80-28). In contrast, Zillow Mobile Apps are applications for accessing Zillow's services from a mobile device, as well as the servers that "underlie or support" them. *Id.*  Zillow asserts that its mobile applications are released by numbered versions, and that IBM's failure to identify which version is an Accused Instrumentality is fatal. The Court concludes that the lack of version numbers does not warrant striking the infringement contentions, and DIRECTS IBM to amend its infringement contentions within twenty-one (21) days of the date of this Minute Order to specify which version or versions of Zillow Mobile Apps are accused. Zillow further argues that IBM's twenty-five (25) separate infringement contention charts, one of which exceeds 300 pages, three of which exceed 200 pages, and several of which are close to or exceed 100 pages in length, do not indicate how each claim limitation is present in each Accused Instrumentality. IBM responds that it is not required at this stage of the proceedings to prove infringement, and that it has offered as much specificity as possible with the information currently available, which does not include the non-public source code solely within Zillow's possession. This matter is factually similar to *SpeedTrack, Inc. v. Amazon.com, Inc.*, 2018 WL 3328423 (N.D. Cal. July 6, 2018), and the Court will use the same approach as adopted in that case. IBM is DIRECTED to amend its infringement contentions within thirty-five (35) days after any disclosure of the non-public source code at issue. The parties should be prepared to discuss the discovery of non-public source codes at the conference described in Paragraph 5, below. At this time, however, the Court makes no ruling concerning whether Zillow must produce any non-public source code.

---

[1] Zillow also asserts that the Court should strike IBM's contentions of representative, indirect, and/or attributed infringement and infringement under the doctrine of equivalents, reproaching IBM for resorting to the phrases "such as" and "for example," relying on "boilerplate" language, and attempting to merely reserve these theories. The Court is satisfied that the voluminous infringement contention charts provide ample notice to Zillow concerning these issues.

MINUTE ORDER - 2

(3) From the date of this Minute Order forward, the Court will apply the Local Patent Rules of this District, as well as Northern District of California Patent Local Rules 3-8 and 3-9, except that the Court will set a specific deadline for serving the required damages contentions.

(4) On or before July 17, 2020, the parties shall meet and confer (as defined in Local Civil Rule 1(c)(6)), and file a Joint Status Report addressing the following issues:

 (a) In the Joint Status Report, the parties shall indicate whether lead trial counsel has changed or remains John Desmarais and Karim Oussayef for IBM and Ian Crosby for Zillow;

 (b) In the Joint Status Report, the parties shall designate not more than two liaison counsel for each side; liaison counsel shall serve as the sole contact points for the Court and will be responsible for assisting the Court in scheduling and coordinating hearings and telephonic conferences and for appropriately distributing emailed or telephonic communications from the Court;

 (c) Whether the parties have any remaining disputes regarding how service of discovery requests and responses and of other materials in this case should be effected;

 (d) Whether any modifications to the Stipulated Protective Order entered on March 26, 2020, docket no. 88, are necessary and, if so, what deadline should be set for the parties to seek such amendments;

 (e) Whether any dispute remains concerning the disclosure of invalidity and infringement contentions from prior litigation pursuant to Federal Rule of Civil Procedure 26(a)(1) or otherwise and, if so, whether the Court should set a deadline for filing any motion to resolve such issue;

 (f) What types of experts the parties anticipate designating with respect to claim construction, and whether the Court should appoint one or more experts, to be paid by the parties jointly, pursuant to Federal Rule of Evidence 706, to consider and make recommendations concerning claim construction; *see* Local Patent Rule 110(11);

 (g) What types of experts the parties anticipate designating with respect to other issues in the case, including damages, and whether the Court should appoint one or more experts, to be paid by the parties jointly, pursuant to Federal Rule of Evidence 706, to consider and make recommendations on any of these issues;

 (h) Whether the number of patents-in-suit, patent claims, and/or accused websites, mobile applications, or other systems can be narrowed in advance of

MINUTE ORDER - 3

claim construction and/or trial; if a substantial number of issues cannot be eliminated from this action, the parties are encouraged to propose an appropriate "bellwether" method for managing this litigation;

(i) Whether discovery, claim construction, motion practice, and/or trial should be bifurcated between the consumer-facing and business-facing Zillow systems, *see* Order (docket no. 96), and/or between liability and damages;

(j) When do the parties anticipate being prepared to file the Joint Claim Construction and Prehearing Statement required by Local Patent Rule 132, and do the parties propose any changes to the schedule for claim construction discovery and claim construction briefing set forth in Local Patent Rules 133 and 134;

(k) The Court is considering requiring the parties to provide a video-recorded technology tutorial, for which the parties may use any visual aids they wish, including PowerPoint slides and computer animations, and which may not exceed forty-five (45) minutes per side, for a total of ninety (90) minutes; in the Joint Status Report, the parties shall set forth (A) any modification or objection to this proposal, (B) a date by which the parties anticipate being able to submit such tutorial, and (C) a proposed procedure for interposing objections to the opposing side's tutorial;

(l) Having reviewed the parties' Joint Rule 26(f) Report, docket no. 48, the Court anticipates imposing the following limitations on discovery:  (A) a limit of either 25 interrogatories per side, or 7 interrogatories per patent-in-suit per side, after any narrowing consistent with Paragraph 4(h), above, whichever is greater; (B) a limit of 35 requests for admission per side, or 10 requests for admission per patent-in-suit per side, after any narrowing consistent with Paragraph 4(h), above, whichever is greater, excluding requests for admission made solely for the purpose of authenticating documents; (C) no limit on requests for production; and (D) a limit of 140 hours of depositions, each of which is to be completed within the seven-hour limit set forth in Federal Rule of Civil Procedure 30(d)(1); in the Joint Status Report, the parties shall set forth any modification or objection to this proposed ruling, and shall indicate whether separate limits should be established with regard to claim construction discovery; *see* Local Patent Rule 110(10); and

(m) What are the parties' proposed dates for completing discovery, filing dispositive motions, and commencing trial, and whether the parties will agree to waive the right to a jury and proceed with a bench trial.

(5) A telephonic scheduling and status conference is SET for July 23, 2020, at 10:00 a.m.  During the conference, the Court will hear from only two attorneys per side. Counsel will be provided a conference number and access code via email, and they will be asked to designate by return email who will speak at the conference.

MINUTE ORDER - 4

(6)     Consistent with the ruling of the Central District of California, *see* Minutes at 1 (docket no. 52), and unless the Court orders otherwise, multiple dispositive (*i.e.*, summary judgment) motions shall not be filed, *see* Local Civil Rule 7(e)(3), and no dispositive motion shall be filed in advance of the issuance of a claim construction order. Notwithstanding Local Civil Rule 7(f)(1), any motion for leave to file an overlength brief shall be filed at least fourteen (14) days before the underlying motion is due.

(7)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 17th day of June, 2020.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 5