1

2

HONORABLE THOMAS S. ZILLY

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

INTERNATIONAL BUSINESS MACHINES
CORPORATION,

NO.  2:20-cv-00851-TSZ

10

JOINT STATUS REPORT

Plaintiff,

11

12

v.

ZILLOW GROUP, INC.; ZILLOW, INC.,

13

14

Defendant.

15

16      Pursuant to the Court's June 17, 2020 Minute Order (Dkt. # 116 at 3-4), after having met and

17   conferred (as defined in Local Civil Rule 1(c)(6)) on July 10, 2020, International Business Machines

18   Corporation ("IBM") and Zillow Group, Inc. and Zillow, Inc. (collectively "Zillow") jointly file the

19   following Joint Status Report addressing the issues raised in the Court's Minute Order.

20      (a)      In the Joint Status Report, the parties shall indicate whether lead trial counsel has
changed or remains John Desmarais and Karim Oussayef for IBM and Ian Crosby for Zillow;

21

**Joint Statement**: No change.

22

23      (b)      In the Joint Status Report, the parties shall designate not more than two liaison
counsel for each side; liaison counsel shall serve as the sole contact points for the Court and will be

24   responsible for assisting the Court in scheduling and coordinating hearings and telephonic
conferences and for appropriately distributing emailed or telephonic communications from the

25   Court;

JOINT STATUS REPORT - 1
(Case No. 2:20-cv-00851-TSZ)

**IBM's Statement**: Karim Oussayef and Alex Kochian

**Zillow's Statement**: Ian Crosby and Katy Peaslee

     (c)     Whether the parties have any remaining disputes regarding how service of discovery requests and responses and of other materials in this case should be effected;

**Joint Statement**: The parties have no pending disputes regarding the manner of service of discovery. The written agreement filed on the docket governs.

     (d)     Whether any modifications to the Stipulated Protective Order entered on March 26, 2020, docket no. 88, are necessary and, if so, what deadline should be set for the parties to seek such amendments;

**Joint Statement**: The parties propose that an amendment to the protective order be made regarding remote inspection of source code during pandemic-related office closures and propose a deadline of July 30 to submit any joint motion seeking entry of such an amendment.

     (e)     Whether any dispute remains concerning the disclosure of invalidity and infringement contentions from prior litigation pursuant to Federal Rule of Civil Procedure 26(a)(1) or otherwise and, if so, whether the Court should set a deadline for filing any motion to resolve such issue;

**IBM's Statement**:  On July 8, 2020, pursuant to the Court's order, IBM served its First Amended Infringement Contentions, which "specify which version or versions of Zillow Mobile Apps are accused" by providing a list of version numbers for each mobile application that comprises the accused "Zillow Mobile Applications." Dkt. # 116 at 2.  IBM's First Amended Contentions include infringement charts for the "Zillow Mobile Applications" on a claim-by-claim basis.  IBM proposes that on September 6, 2020, sixty days after IBM served its First Amended Infringement Contentions, Zillow will tender its Non-Infringement Contentions under Local Patent Rule 121.

     On May 18, 2020, IBM raised concerns that Zillow's Invalidity Contentions did not identify specific combinations of prior art.  Zillow has not indicated whether it will address those concerns. IBM proposes that, to the extent Zillow wishes to amend its Invalidity Contentions to identify "each such combination" "of items of prior art" under Local Patent Rule 121(c), it shall have until August

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

7, 2020 to do so.  IBM proposes that any other amendments to Zillow's Invalidity Contentions (such as new references or new explanations of existing references) be made only "upon a timely showing of good cause" pursuant to Local Patent Rule 124.

**Zillow's Statement**: Zillow contends that IBM has failed to comply with this Court's Order to amend its infringement contentions "to specify which version or versions of Zillow Mobile Apps are accused." Dkt. 116 at 2. The Court's Order states that it will "apply the Local Patent Rules of this District" from the date of the Order forward. The amendment that the Court ordered was thus governed by Local Patent Rule 120, which requires "each accused apparatus, product, device, method, act, or other instrumentality" to be "identified by name or model number, if known," to be identified and charted on a *claim by claim* basis. IBM's "amendment," by contrast, consists of two appendices comprising long lists of version numbers of various Zillow applications, along with catch-all references to "prior versions in use between September 17, 2013"—the damages cut-off date under 35 U.S.C. § 286—and later dates. These lists do not identify which claims of which patents IBM accuses any version of infringing or identify where in any version any claim element is found, as Local Patent Rule 120(b) and (c) require. Zillow therefore requests that IBM be ordered to amend its contentions to identify and chart accused version numbers on a claim by claim basis as required by Patent Local Rule 120 within twenty-one days after the Scheduling Conference.

To the extent that the Court may order such supplementation, or deem that IBM's identification of application version numbers without distinction among patents and claims complies with its order, Zillow submits that the thirty days provided by default under Local Patent Rule 121 is insufficient time for Zillow to formulate its Non-Infringement and Invalidity Contentions addressing the assertion of over one-hundred claims of seven unrelated patents against what appears to be every version of every Zillow application produced since 2013. IBM has proposed that it should be given 120 days to supplement its contentions to provide code citations following any production of source code by Zillow instead of the thirty-five days the Court has ordered, and Zillow proposes

JOINT STATUS REPORT - 3
(Case No. 2:20-cv-00851-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

that it should be given the same amount of time to serve its Non-infringement and Invalidity Contentions following supplementation of infringement contentions by IBM.

(f)     What types of experts the parties anticipate designating with respect to claim construction, and whether the Court should appoint one or more experts, to be paid by the parties jointly, pursuant to Federal Rule of Evidence 706, to consider and make recommendations concerning claim construction; *see* Local Patent Rule 110(11);

**IBM's Statement**:  IBM does not currently anticipate designating experts with respect to claim construction.  IBM submits that the claim construction issues in dispute largely turn on legal principles that can be decided without a court-appointed expert.

**Zillow's Statement**: Zillow anticipates designating experts in the fields of computer science and online marketing to opine on indefiniteness and the meaning of certain claim terms to persons of skill in the art at the claim construction stage. Zillow proposes the Court appoint Larry Graham to serve as special master for issues related to claim construction, including by conducting any claim construction hearings and issuing reports and recommendations on claim construction as and to the extent permitted by Rule 53.

(g)     What types of experts the parties anticipate designating with respect to other issues in the case, including damages, and whether the Court should appoint one or more experts, to be paid by the parties jointly, pursuant to Federal Rule of Evidence 706, to consider and make recommendations on any of these issues;

**IBM Statement**: IBM anticipates designating experts in at least the fields of computer science, computer engineering, and/or user interfaces regarding infringement and validity of the asserted patents, as well as in support of one or more experts in at least the fields of economics, licensing, and/or accounting.

IBM submits that the other issues in dispute can be decided by assessing the opinions of the parties' experts without the need for a court-appointed expert.

**Zillow's Statement**: Zillow anticipates designating experts in at least the fields of computer science, online marketing, digital cartography, authentication, and/or library science to testify regarding non-infringement and invalidity of the asserted patents, as well as in support of one or more experts in at

1   least the fields of economics, licensing, and/or accounting whom Zillow anticipates designating to

2   testify regarding damages, if any, should any or all of the asserted patents be found valid and

3   infringed.

4        Zillow agrees with the suggestion to appoint one or more experts to advise the Court pursuant

5   to Federal Rule of Evidence 706, and proposes the appointment an expert in the field of computer

6   software and programming to advise the Court and/or the special master regarding technical issues

7   relating to infringement, validity, and damages, as well as discovery or other interlocutory issues

8   that depend on evaluation of computer source code or other highly technical material. Appointment

9   of an expert technical advisor is warranted because "this Court will have to evaluate highly technical

10  matters that 'are well-beyond the boundaries of the normal questions of fact and law with which

11  judges routinely grapple'" to decide such issues respecting the software patents at issue in this case.

12  *See Telebuyer, LLC v. Amazon.com, Inc.*, No. 2:13-CV-1677-BJR, 2014 WL 5312275, at *4 (W.D.

13  Wash. Oct. 16, 2014) (Rothstein, J.) (quoting *TechSearch, LLC v. Intel Corp.*, 286 F.3d 1360, 1379–

14  1380 (Fed. Cir. 2002)). Such an appointment is further justified by the volume of IBM's infringement

15  contentions, which span over 2,400 pages and assert over 100 claims of seven unrelated patents

16  against six "Accused Products" in nearly 400 combinations, and in view of the potential for disputes

17  regarding any supplementation of those contentions by IBM to provide source code citations as the

18  Court has ordered. *See, e.g.*, *Finjan, Inc. v. Check Point Software Techs., Inc.*, No. 18-CV-02621-

19  WHO, 2020 WL 597630, at *1 (N.D. Cal. Jan. 17, 2020) (appointing technical expert to determine,

20  *inter alia*, whether voluminous infringement contentions "should be struck for inadequate source

21  code citation explanations.").

22       Examples of issues on which the Court may find the assistance of a technical advisor useful

23  include whether any such supplemented contentions sufficiently identify source code corresponding

24  to the functionality IBM has accused, whether IBM has improperly cited source code that introduces

25  new theories of infringement without leave by going beyond previously accused functionality

JOINT STATUS REPORT - 5
(Case No. 2:20-cv-00851-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1   without leave of Court, and whether IBM's expert reports exceed the scope of its infringement

2   contentions. In addition, such an expert may assist the Court in determining the extent to which

3   IBM's asserted claims recite conventional technology for purposes of assessing patent eligibility

4   under 28 U.S.C. § 101, and in assessing whether IBM has raised issues of fact regarding infringement

5   of claim elements by computer source code.

6        (h)    Whether the number of patents-in-suit, patent claims, and/or accused websites,
    mobile applications, or other systems can be narrowed in advance of claim construction and/or trial;

7   if a substantial number of issues cannot be eliminated from this action, the parties are encouraged to
    propose an appropriate "bellwether" method for managing this litigation;

8

9   **IBM's Statement**:  IBM submits that the number of patent claims can be substantially narrowed

10  once IBM has the opportunity to review technical documents concerning the accused products.

11  Zillow has not provided any technical or financial information whatsoever in response to either (1)

12  IBM's interrogatories and requests for production, which were served in January, or (2) the April

13  deadline to produce "documentation sufficient to show the operation of any aspects or elements of

14  an Accused Instrumentality" and "sales, revenue, cost, and profits for accused instrumentalities"

15  under Central District of California Local Rule 3-4.

16       IBM has diligently negotiated with Zillow for months in the hopes of obtaining technical and

17  financial documents.  IBM identified a subset of the requested documents that were especially

18  important and asked Zillow to prioritize them in letters dated April 3, April 28, May 8, June 16, and

19  July 2.  IBM met and conferred with Zillow for hours to discuss Zillow's refusal to produce

20  discovery, including three times since this case was transferred to this jurisdiction.  And IBM walked

21  through each of Zillow's objections to IBM's Requests for Production and explained why they did

22  not apply.  Despite those efforts, six months into discovery, Zillow still has not produced a single

23  technical or financial document.

24       This situation is similar to that of *SpeedTrack*, cited in the Court's June 17 Minute Order,

25  where "Defendants impermissibly refused to perform [discovery obligations] based on the pending

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1  motion" to strike infringement contentions and stay discovery.  *SpeedTrack, Inc. v. Amazon.com,*

2  *Inc.*, No. 2018 WL 3328423, at *6 (N.D. Cal. July 6, 2018).  Even now, after Zillow's motion was

3  denied, Zillow refuses to produce any technical or financial documents.  Consistent with

4  *SpeedTrack*, IBM proposes (1) that Zillow produce technical and financial information in the next

5  30 days and (2) that IBM cite the source code that Zillow produces as part of that production 90 days

6  after that.  *Id.*  Consistent with the Federal Circuit Advisory Committee Model Order Limiting

7  Excess Patent Claims and Prior Art ("Model Order"), IBM proposes that (1) IBM narrow asserted

8  claims 40 days after receiving "documents sufficient to show the operation of the accused

9  instrumentalities" and (2) Zillow narrow prior art 14 days later.[1]

10      IBM thus proposes the following deadlines:

| Event | Date |
|---|---|
| Zillow shall provide technical and financial information in response to IBM's January 10, 2020 Interrogatories and IBM's January 10, 2020 Requests for Production, including "documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality" and "sales, revenue, cost, and profits for accused instrumentalities." | August 24, 2020 |
| IBM "shall serve a Preliminary Election of Asserted Claims, which shall assert no more than ten claims from each patent and not more than a total of 32 claims."  Model Order at 6. | October 5, 2020 |
| Zillow "shall serve a Preliminary Election of Asserted Prior Art, which shall assert no more than twelve prior art references against each patent and not more than a total of 40 references."  Model Order at 6. | October 19, 2020 |
| IBM shall amend infringement contentions to cite any source code that Zillow produced before August 24, 2020. | November 23, 2020 |

    Zillow has not filed motions on any of its proposed threshold issues and they would introduce

new factual and claim construction issues that cannot be resolved at this time.  Two of the patents-

in-suit, the '849 and '346 patents, have already been litigated extensively in the District of Delaware,

---

[1] Federal Circuit Advisory Committee Model Order Limiting Excess Patent Claims and Prior Art, available at https://patentlyo.com/media/docs/2013/07/model-order-excess-claims.pdf.

JOINT STATUS REPORT - 7
(Case No. 2:20-cv-00851-TSZ)

1    before Judge Stark, where they overcame all of Zillow's threshold issues on the way to a jury verdict

2    for IBM on all issues.  IBM submits that Zillow's kitchen sink proposal for a "Section 101 day," six

3    threshold issues, patent-by-patent "showdowns," and multifactor bifurcations would create a

4    quagmire that could last the better part of a decade—all while denying IBM access to key technical

5    information.  It would be far more efficient and equitable for Zillow to produce the relevant

6    documents and for IBM to use that information to narrow asserted claims.

7          IBM will be prepared to address the remainder of Zillow's lengthy arguments at the status

8    conference.

9    **Zillow's Statement**: Zillow observes that IBM continues to pursue what transferor Magistrate Judge

10   Early deemed a "'Ready—Fire—Aim' approach to discovery" (Dkt. No. 91, at 5) in requesting that

11   the Court order Zillow to produce documents in response to its requests as a whole without

12   addressing Zillow's objections to individual requests, and without regard to this Court's having

13   "encouraged [the parties] to propose an appropriate 'bellwether' method for managing this

14   litigation" if the number of patents, claims, and products at issue cannot be narrowed in advance of

15   claim construction or trial, and to consider "[w]hether discovery, claim construction, motion

16   practice, and/or trial should be bifurcated between the consumer-facing and business-facing Zillow

17   systems … and/or between liability and damages" (Dkt. No. 116, at 3–4).

18         Zillow also notes that Northern District of California Local Patent Rule No. 3-4 is no longer

19   operative in this case, and that IBM chose not to move to compel under that rule before this case was

20   transferred in view of Judge Early's order. This District's local patent rules contain no corresponding

21   provision that requires a patent defendant to produce technical or financial information about

22   accused products without a request or consideration or the requirements of proportionality under

23   Rule 26. Indeed, unlike in *Speedtrack*, this Court has expressly reserved the question of whether

24   Zillow will be required to produce source code at all. Dkt. No. 116, at 2. Zillow should not be put to

25   the burden and expense of producing discovery that cumulatively purports to inquire into essentially

every facet of its products and finances until every effort has been made to streamline this case by more targeted means.

Zillow submits that there are multiple threshold issues whose determination may narrow the number of patents, claims, and accused instrumentalities in suit in advance of claim construction and without need for discovery from Zillow. IBM's proposed schedule cites the Federal Circuit's Model Order for the timing of claim and prior art election, but it runs contrary to Rule 26's proportionality requirement to require Zillow to produce highly sensitive technical and financial information prior to resolution of threshold issues that could potentially moot such discovery.

One such threshold issue is whether some or all of IBM's asserted claims and patents are drawn to patent ineligible abstract ideas and therefore invalid under 35 U.S.C. § 101.

All but one of IBM's asserted patents was allowed before the Supreme Court issued is landmark ruling on patent ineligibility in *Alice Corp. v. CLS Bank International*, 573 U.S. 208 (2014). The exception is the '183 patent, which was allowed on a first office action that did not consider subject matter eligibility and has never been litigated. Since *Alice*, the judges in this district have found computer and software patents challenged under Section 101 to be invalid on *ten out of twelve* occasions. *See PTP OneClick, LLC v. Avalara, Inc.*, 413 F. Supp. 3d 1050, 1070 (W.D. Wash. 2019); *Uniloc USA, Inc. v. Big Fish Games, Inc.*, 320 F. Supp. 3d 1178, 1186 (W.D. Wash. 2018), *aff'd*, 777 F. App'x 517 (Fed. Cir. 2019); *Uniloc USA, Inc. v. HTC Am., Inc.*, No. C17-1558JLR, 2018 WL 3008870, at *12 (W.D. Wash. June 15, 2018), *vacated and remanded on jurisdictional grounds*, 776 F. App'x 704 (Fed. Cir. 2019); *Glasswall Sols. Ltd. v. Clearswift Ltd.*, No. C16-1833 RAJ, 2017 WL 5882415, at *5 (W.D. Wash. Nov. 29, 2017), *aff'd*, 754 F. App'x 996 (Fed. Cir. 2018); *Appistry, Inc. v. Amazon.com, Inc.*, 195 F. Supp. 3d 1176, 1177 (W.D. Wash. 2016*), aff'd sub nom. Appistry, LLC v. Amazon.com, Inc.*, 676 F. App'x 1008 (Fed. Cir. 2017); *Interval Licensing LLC v. AOL INC*, 193 F. Supp. 3d 1184, 1190 (W.D. Wash. 2016), *aff'd sub nom. Interval Licensing LLC v. AOL, Inc.*, 896 F.3d 1335 (Fed. Cir. 2018); *Recognicorp, LLC v. Nintendo Co.*, No. C12-

1873RAJ, 2015 WL 11217242, at *1 (W.D. Wash. Dec. 15, 2015), *aff'd*, 855 F.3d 1322 (Fed. Cir. 2017); *Telebuyer, LLC v. Amazon.com, Inc*., No. 2:13-CV-1677-BJR, 2015 WL 4493045, at *1 (W.D. Wash. July 23, 2015); *Appistry, Inc. v. Amazon.com, Inc*., No. C15-311 MJP, 2015 WL 4210890, at *1 (W.D. Wash. July 9, 2015), *aff'd sub nom. Appistry, LLC v. Amazon.com, Inc*., 676 F. App'x 1007 (Fed. Cir. 2017); *see also vPersonalize Inc. v. Magnetize Consultants Ltd*., 437 F. Supp. 3d 860, 876 (W.D. Wash. 2020).

Furthermore, a majority of these cases were brought as motions to dismiss or for judgment on the pleadings, demonstrating that Section 101 invalidity can be resolved prior to discovery and thus provides an efficient means of narrowing this multi-patent dispute. *See, e.g., vPersonalize Inc.*, 437 F. Supp. 3d at 864; *PTP OneClick, LLC*, 413 F. Supp. 3d at 1054; *Big Fish Games, Inc*., 320 F. Supp. 3d at 1180; *HTC Am., Inc.*, 2018 WL 3008870, at *1; *Appistry, Inc.,* 195 F. Supp. 3d at 1177; *Recognicorp*, 2015 WL 11217242, at *1; *Glasswall Sols. Ltd.*, 2017 WL 5882415, at *1.

Zillow additionally proposes that the Court set a hearing date upon which all § 101 motions will be heard. This practice of holding an omnibus 101 hearings on a "Section 101 Day" has been successfully adopted by District Judges Stark and Noreika. *See, e.g*., *Align Tech., Inc. v. 3Shape A/S*, Case No. 17-cv-1647, Dkt. No. 119 (D. Del.) (Stark, J.); *Oritz & Assocs. Consulting, LLC v. Panasonic Corp. of N. Am.*, Case No. 19-cv-1921, Dkt. No. 17 (D. Del.) (Norieka, J.). Three weeks prior to the hearing, Judge Stark requires parties to file a letter brief no more than 3 pages in length answering the following questions, which could similarly be employed here should the Court find it helpful:

   a.   What claim(s) is/are representative?
        For which claim(s) must the Court determine eligibility?

   b.   Is claim construction necessary before patentability can be decided?
        If so, which term(s) must be construed?
        What are your proposed constructions for the term(s) you contend must be construed?

   c.   If you are contending that factual dispute(s) should cause the Court to deny the motion, identify with specificity such factual dispute(s).

d.    Are there materials other than the complaint/answer and the intrinsic patent record (i.e., the patent and prosecution history) that you contend the Court should consider in evaluating the motion?
If so, identify those materials and the basis on which the Court may properly consider them at this stage.

e.    What Supreme Court or Federal Circuit case is this case most like? That is, if the Court is to analogize the claims at issue in the motion to claims that have previously been found to be patent (in)eligible by a higher court, which case provides the best analogy?

f.    Why should/shouldn't the Court deny the motion without prejudice to renew at a later stage of this litigation?

In addition to subject matter eligibility, Zillow proposes that the Court decide at least the following claim dispositive issues in advance of general claim construction or discovery:

- Whether the asserted claims of the '849 patent are invalid on the ground of double patenting. The doctrine of obviousness-type double patenting prevents the extension of patent exclusivity beyond the term of a patent. "The obviousness-type double patenting doctrine prohibits an inventor from extending his rights to exclude through claims in a later-expiring patent that are not patentably distinct from claims of the inventor's earlier expiring patent." *Gilead Sciences, Inc. v. Natco Pharma Ltd.*, 753 F.3d 1208, 1210 (Fed. Cir. 2014) (emphasis added). That is exactly the case here. The asserted claims of the '849 patent are not patentably distinct from the claims of an earlier-expired patent in the same patent family, U.S. Patent No. 7,047,209, and are therefore invalid under the doctrine of obviousness-type double patenting. This issue was fully briefed and argued in IBM's prior suit against Expedia, No. 1:17-cv-01875-LPS-CJB (D. Del.), but was not decided before the parties to that case settled. It is ripe for decision here.

- Whether the Federal Circuit's decision in *International Business Machines Corp. v. Booking Holdings Inc.,* 775 F. App'x 674 (Fed. Cir. 2019), precludes IBM's assertion that some or all of the asserted claims of the '849 patent are infringed when third parties use Zillow's web site. In *Booking Holdings*, IBM argued that the "storing" step of the claims was met by caching on the user's device, but it was undisputed that the Booking Holdings did not perform that step. The district court granted summary judgment of non-infringement and the Federal Circuit affirmed. In this case, IBM points to the same mechanism in attempting to show infringement by Zillow. IBM is estopped from doing so. *See Reynaga v. Sun Studs, Inc.*, 97 Fed. Appx. 729, 730 (9th Cir. 2004) ("Litigants may not have a second opportunity to prove a fact or make an argument relating to an issue previously decided.")

- Whether IBM's licenses to Google and Facebook exhaust its rights under the '346 patent with respect to Zillow's use of authentication services from those providers, or whether those licenses grant an implied license to Zillow authorizing the allegedly

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

infringing use. IBM accuses Zillow of infringing the '346 patent through Zillow's implementation of "single sign-on" operation that allows a user to access features of Zillow's website after authenticating themselves using Google or Facebook login credentials. Both Google and Facebook have license agreements with IBM that authorize use of the methods and systems claimed in the '346 patent. These licenses, and Google and Facebook's subsequent creation of APIs allegedly embodying the methods and systems claimed in the '346, exhausts IBM's rights in that patent with regard to any user accessing Google or Facebook's APIs, including Zillow. *See Quanta Computer, Inc. v. LG Electronics, Inc.,* 553 U.S. 617, 636 (2008). IBM's licenses with Google and Facebook also create implied licenses in favor of any third-parties who implement the accused functionality as offered by Google and Facebook. *See, e.g., Jacobs v. Nintendo of America, Inc.,* 370 F.3d 1097, 1100 (Fed. Cir. 2004).

- Whether the undisputed fact that no elements are visible in the Zillow map display while a user inputs a shape defining a map selection area precludes in infringement of the '789 patent under the plain meaning of the asserted claims. IBM's theory of infringement asserts that non-visible elements are the "deselected" elements claimed by the '789 patent; but during prosecution of this patent, IBM argued that it should be allowed over a prior art reference (Seefeld) because "Seefeld does not disclose displaying both selected and deselected elements in the map" as claimed by the '789 because "elements that are not 'selected' in Seefeld are not shown in the map." (emphasis added). Yet is precisely what IBM has accused for Zillow's product: unselected elements are not "deselected," but rather "are not shown in the map." No discovery is necessary to determine whether, in light of IBM's disclaimer, its theory of infringement fails.

- Whether the undisputed fact that Zillow's image processing system, neural network, and web servers all run on *different* computer processors precludes infringement of the '183 patent under the plain meaning of the asserted claims. The preamble of each asserted claim of the '183 patent recites "a processor," and each claim element refers to "said processor." As a matter of Federal Circuit law, where a claim "recites 'a processor' in the preamble before recitation of 'comprising,' and the claim body uses the definite article 'the' to refer to the 'processor,'" the "reference to 'the processor,' referring back to the 'a processor' recited in preamble" means "the *same* processor." *Convolve, Inc. v. Compaq Computer Corp.,* 812 F.3d 1313, 1321 (Fed. Cir. 2016) (emphasis added). Whether the Federal Circuit's *Convolve* holding precludes IBM's theory of infringement relying on multiple processors can be decided as a matter of law and will prevent discovery based on a theory that is objectively futile.

Zillow proposes that discovery from Zillow be stayed pending resolution of these and any additional threshold issues according the schedule proposed below. *See* Federal Rules of Civil Procedure, Rules and Commentary Rule 26 (one way in which courts can maintain proportionality in discovery is to "limit discovery initially to threshold issues"); *Hernandez v. Baylor Univ.*, No.

JOINT STATUS REPORT - 12
(Case No. 2:20-cv-00851-TSZ)

6:16-CV-69-RP, 2017 WL 1628992, at *5 (W.D. Tex. May 1, 2017) (explaining that courts may "achieve proportional discovery by regulating the timing and sequence of discovery, principally by ordering that discovery be conducted not all at once, but rather in stages or phases, as the circumstances warrant").

IBM's assertion that the number of claims that Zillow has identified as requiring construction makes phasing of issues, bellwether proceedings, or bifurcation impracticable is exactly backwards. The number of claim construction issues in dispute is directly related to the number of unrelated patents IBM has chosen to join in this lawsuit and the number of claims it has chosen to assert. As the master of its complaint, IBM cannot complain about the number of issues this choice engenders. It is precisely because IBM's framing of this suit raises an intractable number of claim construction disputes that this Court should take up threshold issues that could eliminate those disputes first at all costs.

Zillow further agrees with the suggestion to adopt a "bellwether" approach to resolving issues that cannot be narrowed by threshold rulings or other means. Specifically, Zillow proposes adopting a form of the "patent showdown" procedure employed effectively by Judge Alsup in cases involving large numbers or patents, claims, and/or products. *See, e.g.,* Transcript of Proceedings of February 22, 2018, *Finjan, Inc. v. Juniper Networks*, Case No. 3:17-cv-05659-WHA (N.D. Cal. Mar. 7, 2018) (ECF No. 44); Transcript of Proceedings at 26–27, 35–36, *Comcast Cable Commc'ns, LLC v. OpenTV, Inc*., No. 3:16-cv-06180-WHA (N.D. Cal. Mar. 8, 2017) (ECF No. 79). Judge Alsup's procedure is a refining of the general sever-and-stay approach courts more commonly use to manage complex patent cases that incentivizes the parties to focus on the core issues in dispute and maximize judicial efficiency.

Under this proposal, following any ruling by the Court on threshold issues that is not case dispositive, Zillow would produce source code sufficient to show the operation of the functionality IBM has accused of infringing the remaining patents in suit. IBM would then comply with the

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

Court's order to supplement its infringement contentions by providing pinpoint citations to Zillow's source code. *See Treehouse Avatar LLC v. Valve Corp.*, No. C17-1860-RAJ, 2019 WL 917403, at *2 (W.D. Wash. Feb. 25, 2019) (Jones, J.) ("[O]nce source code has been provided to plaintiffs, they must supplement their infringement contentions with pinpoint source code citations."); *REC Software USA, Inc. v. Bamboo Sols. Corp.*, No. C11-0554JLR, 2012 WL 3527891, at *2 (W.D. Wash. Aug. 15, 2012) (Robart, J.) (same).

Following any responsive supplementation by Zillow of its Non-Infringement and Invalidity Contentions, IBM would select a patent to be the subject of the first showdown. The parties would confer regarding construction and narrowing of claims of the selected patent, and each would select one claim for which it believes it has the strongest arguments. The parties would receive targeted discovery and then file cross-motions for summary judgment on the selected claims. To the extent these motions are not dispositive, the Court would hold a trial to decide liability for infringement of the selected claims.

Zillow proposes the following schedule for threshold motion practice and the first patent showdown:

| Event | Date |
|---|---|
| Scheduling Conference | July 23, 2020 |
| IBM Amendment of Contentions to Specify Accused Mobile Applications (Patent Local Rule 120(b) & (c)) | +21 days |
| Zillow Non-Infringement and Invalidity Contentions (Patent Local Rule 121) | +120 days |
| Zillow Opening Brief on Threshold Issues (12 pages per patent) | August 20, 2020 |
| IBM Responsive Brief on Threshold Issues | September 17, 2020 |
| Zillow Reply Brief on Threshold Issues | October 1, 2020 |
| Hearing on Threshold Issues | **TBD by Court** |
| Order on Threshold Issues | **TBD by Court** |
| Zillow Source Code Production | + 14 |
| IBM Supplementation of Infringement Contentions to Provide Code Citations | + 35 |
| Zillow Responsive Supplementation of Non-Infringement and Invalidity Contentions | + 30 |
| IBM Selection of First Showdown Patent | + 14 |
| Selection of Claims for First Showdown | + 14 |

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

| | |
|---|---|
| Close of First Showdown Discovery | + 60 |
| Cross-Motions Summary Judgment (Including Supporting Expert Declarations) | + 14 |
| Close of Supporting Expert Discovery | +14 |
| Oppositions to Summary Judgment Motions (Including Responsive Expert Declarations) | + 7 |
| Close of Responsive Expert Discovery | +14 |
| Summary Judgment Replies | +7 |
| Summary Judgment Hearing | **TBD by Court** |

(i)     Whether discovery, claim construction, motion practice, and/or trial should be bifurcated between the consumer-facing and business-facing Zillow systems, *see* Order (docket no. 96), and/or between liability and damages;

**IBM's Statement**:  No to both.  The Central District of California relied on the fact that "the two kinds of products are so intertwined" in transferring the case to this District.  Dkt.  96 at p. 8. Bifurcating the accused products would therefore lead to repeatedly evaluating the same overlapping functionality.

Bifurcating liability and damages would be inefficient because deciding damages would retread technical issues related to infringement, such as why the infringing technical features are important, how those features would affect the hypothetical negotiation, and whether there are acceptable noninfringing alternatives.

**Zillow's Statement**: Yes to both. Zillow proposes bifurcating between Zillow's consumer-facing and business-facing Zillow systems for all purposes, with discovery and proceedings related to consumer-facing systems occurring first. The cited "intertwining" of the "B2B" and "B2C" products supported transfer precisely because, the transferor court found, "IBM characterizes the B2B products as derived from, or at least dependent on, the B2C products" in that "'the B2C products … permit professionals to find leads, purchase ads, or promote their services *on the B2C platforms*.'" Dkt. No. 96, at 8 (quoting IBM Opp'n at 13) (emphasis added by the court). Because IBM's theory is mainly if not entirely that Zillow's business-facing products encourage infringement by its consumer-facing products, rather than infringing themselves, addressing infringement by the latter

JOINT STATUS REPORT - 15
(Case No. 2:20-cv-00851-TSZ)

1  category of products has the potential to moot any claims about the former. The potential for

2  confusion about which products are alleged to be infringing as opposed to merely facilitating

3  infringement also supports bifurcation. *See, e.g., Rovi Guides, Inc. v. Comcast Corp.*, No. 16-CV-

4  9278 (JPO), 2018 WL 1726250, at *3 (S.D.N.Y. Apr. 6, 2018) (bifurcating proceedings on two

5  patents in part on basis that bifurcation would "reduce the risk of juror confusion by reducing the

6  number of patents that jurors must consider simultaneously. Juror confusion is a particularly

7  compelling justification for Rule 42(b) bifurcation in patent cases." Reducing the number of products

8  at issue will similarly reduce confusion.).

9        Zillow further proposes that proceedings be bifurcated between liability and damages. As the

10  Court in *Ciena Corp. v. Corvis Corp.*, 210 F.R.D. 519, 521 (D. Del. 2002), explained:

11       In the context of patent cases, "[e]xperienced judges use bifurcation and trifurcation
         both to simplify the issues in patent cases and to maintain manageability of the
12       volume and complexity of the evidence presented to a jury." Thomas L. Creel &
         Robert P. Taylor, Bifurcation, Trifurcation, Opinions of Counsel, Privilege and
13       Prejudice, 424 PLI/Pat 823, 826 (1995); *see also* Manual for Complex Litigation
         (Third) § 33.62 (1995) (advising trial judges to bifurcate or trifurcate overly complex
14       patent trials). In fact, bifurcation of complex patent trials has become common.
         Steven S. Gensler, Bifurcation Unbound, 75 Wash. L.Rev. 705, 725 (2000)
15       ("Bifurcation is also common in patent litigation...."); Creel & Taylor, *supra*, at 825
         ("Bifurcation or even trifurcation is common in patent cases.").
16

17       Courts have long bifurcated patent cases into liability and damage trials. *See, e.g., Swofford*

18  *v. B & W, Inc*., 336 F.2d 406 (5th Cir. 1964), cert. denied, 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d

19  557 (1965). Courts also bifurcate complex patent cases in such a way to prevent jury confusion.

20  *Smith v. Alyeska Pipeline Service Co*., 538 F.Supp. 977, 984 (D. Del. 1982) (finding "that one trial

21  of both issues [i.e., liability and damages] would tend to clutter the record and to confuse the jury.").

22  Bifurcation is particularly appropriate here, where seven unrelated software patents are at issue—

23  presenting a far more complex set of issues for the jury to consider than even a typical patent matter.

24       (j)     When do the parties anticipate being prepared to file the Joint Claim Construction

25  and Prehearing Statement required by Local Patent Rule 132, and do the parties propose any changes
     to the schedule for claim construction discovery and claim construction briefing set forth in Local
     Patent Rules 133 and 134;

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

**IBM's Statement**: This case was transferred the day before the parties were due to file a Joint Claim Construction and Prehearing Statement in the Central District of California. IBM proposes the parties pick up where they left off and file their Joint Claim Construction and Prehearing Statement on August 6, 2020. IBM does not propose any changes to the schedule for claim construction discovery and claim construction briefing set forth in Local Patent Rules 133 and 134. Consistent with those Rules, IBM proposes that the parties identify "[t]he ten most important disputed claim terms" among the asserted independent claims. IBM proposes that the parties meet and confer to determine whether they believe that any additional claim terms require construction after IBM narrows asserted claims and Zillow narrows prior art.

**Zillow's Statement**: In the event that the Court does not adopt Zillow's narrowing proposals regarding threshold issues and bellwether "patent showdowns" or compel further supplementation of IBM's infringement contentions, Zillow proposes the parties file their Joint Claim Construction and Prehearing Statement on August 6, 2020. In that event, Zillow does not propose any changes to the time allotted for claim construction discovery and briefing. Zillow proposes that the parties receive 84 pages (twelve per patent) for their opening claim construction briefs, and 42 pages (6 per patent) for their respective responses. Zillow additionally proposes that the parties briefing be limited to 35 claim terms (5 per patent), with up to ten chosen by IBM and the remainder chosen by Zillow, and that the Court construe this many terms at the initial *Markman* hearing, which would necessarily span multiple days. Zillow contends that IBM's suggestion of using the ten-term limit applicable under the Local Patent Rules to cases involving as little as one patent is not a reasonable baseline to default to in the event the parties are unable to reach agreement regarding briefing a number of terms that corresponds to the number of genuine claim construction disputes attributable to IBM's decision to assert so many patents and claims in one suit.

    (k)    The Court is considering requiring the parties to provide a video-recorded technology tutorial, for which the parties may use any visual aids they wish, including PowerPoint slides and computer animations, and which may not exceed forty-five (45) minutes per side, for a total of ninety (90) minutes; in the Joint Status Report, the parties shall set forth (A) any modification or objection

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

to this proposal, (B) a date by which the parties anticipate being able to submit such tutorial, and (C) a proposed procedure for interposing objections to the opposing side's tutorial;

**IBM's Statement**:

    (A)    IBM does not propose any modifications to the Court's proposal.

    (B)    IBM anticipates that the parties will be able to submit the technology tutorial with their opening claim construction briefs.

    (C)    IBM proposes that any objections should be limited to three pages and should be submitted with the parties' responsive claim construction briefs.

**Zillow's Statement**:

    (A)    Zillow does not believe that a sufficiently informative and meaningful technical tutorial can be provided for the seven unrelated patents in suit in the time suggested. In the event that this case is not narrowed and/or phased, Zillow proposes that the parties be allocated twenty minutes per side, per patent, for a total of 280 minutes, to present their technology tutorials.

    (B)    Zillow anticipates being able to submit such a tutorial within thirty days from the completion of claim construction briefing under Patent Local Rule 134. Zillow believes it would be impracticable to prepare and submit lengthy video presentations about technology simultaneously with claim construction briefs, and that such tutorials would risk failing to address adequately aspects of the underlying technology that are called out in the responsive briefs.

    (C)    Zillow proposes that objections to tutorials be resolved using the Expedited Joint Motion Procedure in LCR 37.

    (l)    Having reviewed the parties' Joint Rule 26(f) Report, docket no. 48, the Court anticipates imposing the following limitations on discovery:

    (A) a limit of either 25 interrogatories per side, or 7 interrogatories per patent-in-suit per side, after any narrowing consistent with Paragraph 4(h), above, whichever is greater;

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

(B) a limit of 35 requests for admission per side, or 10 requests for admission per patent-in-suit per side, after any narrowing consistent with Paragraph 4(h), above, whichever is greater, excluding requests for admission made solely for the purpose of authenticating documents;

(C) no limit on requests for production; and

(D) a limit of 140 hours of depositions, each of which is to be completed within the seven-hour limit set forth in Federal Rule of Civil Procedure 30(d)(1); in the Joint Status Report, the parties shall set forth any modification or objection to this proposed ruling, and shall indicate whether separate limits should be established with regard to claim construction discovery; *see* Local Patent Rule 110(10);

**<u>IBM's Statement</u>**: IBM proposes that the above limit on deposition hours not include expert depositions. IBM proposes that the parties meet and confer concerning limits for expert discovery after the parties submit expert reports, when they will be better able to assess the need for expert discovery.

**<u>Zillow's Statement</u>**: Zillow proposes that the above limit on deposition hours not include expert depositions. Zillow further proposes that experts who submit multiple reports, or whose reports concern multiple patents, be permitted to deposed for up to one half day per report per patent. Zillow does not believe separate limits should be established with respect to claim construction discovery.

(m)   What are the parties' proposed dates for completing discovery, filing dispositive motions, and commencing trial, and whether the parties will agree to waive the right to a jury and proceed with a bench trial.

**<u>IBM's Statement</u>**: IBM proposes the following schedule, which is consistent with other recent schedules that this Court has issued in patent cases. *See, e.g., Rondevoo Tech. v. HTC America Inc*, 2:18-cv-01625-TSZ, Dkt. # 26 (W.D. Wash. March 25, 2019).

| Event | IBM's Proposed Dates | *Rondevoo* Dates (for comparison) |
|---|---|---|
| Joint Claim Construction Chart | **August 6, 2020** | August 8, 2019 |
| Close of Fact and Expert Discovery | **March 19, 2021** | March 19, 2020 |
| Opening Dispositive Motions | **April 30, 2021** | April 30, 2020 |
| Final Pretrial Conference | **September 7, 2021** | September 4, 2020 |

IBM does not agree to waive its right to a jury trial.

JOINT STATUS REPORT - 19
(Case No. 2:20-cv-00851-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

**Zillow's Statement**: In the event that this case is not narrowed, phased, or bifurcated, Zillow proposes that the parties should engage in a process to narrow the claim terms at issue prior to submitting a Joint Claim Construction Statement, as contemplated by this District's local rules. Zillow believes that further dates should key off the Court's claim construction order as listed below. Zillow notes that the case IBM has modeled its schedule on, *Rondevoo*, concerned two patents on the same technology. The needs of that case were thus significantly different from this action in which IBM has asserted seven unrelated software patents:

| Event | Date |
|---|---|
| Close of fact discovery | + 5 months from Claim Construction Order |
| Close of expert discovery | + 8 months |
| Dispositive motions | + 9 months |
| Final pretrial conference | + 12 months |

Zillow does not agree to waive its right to a jury trial.

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

DATED this 17th day of July, 2020.

SUSMAN GODFREY LLP

By: _s/Ian B. Crosby_
By: _s/Daniel Shih_
By: _s/Katherine Peaslee_
    Ian B. Crosby., WSBA #28461
    Daniel Shih, WSBA #37999
    Katherine Peaslee, WSBA #52881
    1201 Third Avenue, Suite 3800
    Seattle, WA  98101
    Tel:  (206) 516-3880
    Fax: (206) 516-3883
    Email:  icrosby@susmangodfrey.com
    Email:  dshih@susmangodfrey.com
    Email:  kpeaslee@susmangodfrey.com

*Attorneys for Zillow Group Inc. and Zillow, Inc.*

HARRIGAN LEYH FARMER & THOMSEN LLP

By: _s/Arthur W. Harrigan, Jr._
By: _s/Tyler L. Farmer_
    Arthur W. Harrigan, Jr., WSBA #1751
    Tyler L. Farmer, WSBA #39912
    999 Third Avenue, Suite 4400
    Seattle, WA  98104
    Tel:  (206) 623-1700
    Fax: (206) 623-8717
    Email:  arthurh@harriganleyh.com
    Email:  tylerf@harriganleyh.com

DESMARAIS LLP

    John M. Desmarais (*pro hac vice*)
    Karim Z. Oussayef (*pro hac vice*)
    Brian D. Matty (*pro hac vice*)
    Brian Leary (*pro hac vice*)
    Alexandra E. Kochian (*pro hac vice*)
    John Dao (*pro hac vice*)
    Jun Tong (*pro hac vice*)
    230 Park Avenue, 26th Floor
    New York, NY 10169
    Tel:  (212) 351-3400
    Fax: (212) 351-3401
    Email:  jdesmarais@desmaraisllp.com
    Email:  koussayef@desmaraisllp.com
    Email:  bmatty@desmaraisllp.com
    Email:  bleary@desmaraisllp.com
    Email:  akochian@desmaraisllp.com
    Email:  jdao@desmaraisllp.com
    Email:  jtong@desmaraisllp.com

*Attorneys for International Business Machines Corporation*

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717