Judge Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ZILLOW GROUP, INC. and ZILLOW, INC.,<br><br>Defendants. | Case No. 2:20-cv-00851-TSZ |
| INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ZILLOW GROUP, INC. and ZILLOW, INC.,<br><br>Defendants. | Case No. 2:20-cv-01130-TSZ<br><br>**ZILLOW'S SUPPLEMENTAL BRIEF IN SUPPORT OF A STAY PENDING INTER PARTES REVIEW**<br><br>ORAL ARGUMENT REQUESTED |

ZILLOW'S SUPPLEMENTAL BRIEF IN SUPPORT OF A STAY
PENDING INTER PARTES REVIEW
Case No. 2:20-cv-01130-TSZ, 2:20-cv-00851-TSZ

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

**TABLE OF CONTENTS**

I.   LEGAL STANDARD .................................................................................................. 1

II.  ARGUMENT ............................................................................................................... 2

    A.   A stay will likely simplify court proceedings. ................................................. 2

    B.   The early stage of the litigation supports staying the case. .............................. 4

    C.   A stay will not unduly prejudice IBM. ............................................................. 4

    D.   A stay comports with the phasing approach that the Court has
         suggested. .......................................................................................................... 5

ZILLOW'S SUPPLEMENTAL BRIEF IN SUPPORT OF A STAY
PENDING INTER PARTES REVIEW - i
Case No. 2:20-cv-01130-TSZ, 2:20-cv-00851-TSZ

S U S M A N   G O D F R E Y   L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

**TABLE OF AUTHORITIES**

**Cases**                                                                                                              Page(s)

*Amazon.com, Inc. v. Uniloc USA, Inc.*,
    C17-1307JLR, 2018 WL 9633490 (W.D. Wash. Feb. 15, 2018) .................................................1

*Anza Tech., Inc. v. Toshiba Am. Elec. Components Inc.*,
    No. 17-CV-07289-LHK, 2018 WL 4859167 (N.D. Cal. Sept. 28, 2018)....................................2

*Cywee Group Ltd. v. HTC Corp.*,
    C17-0932JLR, 2019 WL 3860303 (W.D. Wash. Aug. 16, 2019) .............................................4

*Delphix Corp. v. Actifio, Inc.*,
    13-CV-04613-BLF, 2014 WL 6068407 (N.D. Cal. Nov. 13, 2014)..........................................2

*Ethicon, Inc. v. Quigg*,
    849 F.2d 1422 (Fed. Cir. 1988)..................................................................................................1

*Finjan, Inc. v. Symantec Corp.*,
    139 F. Supp. 3d 1032 (N.D. Cal. 2015) .....................................................................................2

*Implicit Networks, Inc. v. Advanced Micro Devices, Inc.*,
    No. C08-184JLR, 2009 WL 357902 (W.D. Wash. Feb. 9, 2009) .........................................2, 4

*Ironburg Inventions Ltd. v. Valve Corporation*,
    2:17-cv-1182-TSZ (W.D. Wash.) ..............................................................................................5

*IXI Mobile (R & D) Ltd. v. Samsung Elecs. Co. Ltd.*,
    15-CV-03752-HSG, 2015 WL 7015415 (N.D. Cal. Nov. 12, 2015)........................................4

*MacNeil Automotive Products Ltd. v. Yita LLC*,
    No. C20-278 TSZ (W.D. Wash. Aug. 13, 2020) .......................................................................2

*Nat'l Prods. v. Arkon Res., Inc.*,
    No. C15-1984JLR, 2016 U.S. Dist. LEXIS 142744 (W.D. Wash. Oct. 14,
    2016) .........................................................................................................................................1

*Pac. Bioscience Labs., Inc. v. Pretika Corp.*,
    760 F. Supp. 2d 1061 (W.D. Wash. 2011).........................................................................1, 2, 4

*Phillips v. AWH Corp.*,
    415 F.3d 1303 (Fed. Cir. 2005)..................................................................................................3

*Qualcomm Inc. v. Apple Inc.*,
    3:17-CV-2403-CAB-MDD, 2018 WL 4104966 (S.D. Cal. Aug. 29, 2018).............................4

*SRC Labs, LLC v. Amazon Web Services, Inc.*,
    C18-0317JLR, 2018 WL 6201489 (W.D. Wash. Nov. 28, 2018) ...............................1, 3, 4, 5

ZILLOW'S SUPPLEMENTAL BRIEF IN SUPPORT OF A STAY
PENDING INTER PARTES REVIEW - ii
Case No. 2:20-cv-01130-TSZ, 2:20-cv-00851-TSZ

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

*SunPower Corp. v. PanelClaw, Inc.*,
   No. CV 12-1633-MPT, 2016 WL 1293479 (D. Del. Apr. 1, 2016) ..........................................3

*Uniloc USA, Inc. v. Apple Inc.*,
   No. 18-CV-00361-PJH, 2018 WL 2387855 (N.D. Cal. May 25, 2018)...................................2

*WAG Acquisition, LLC v. Flying Crocodile, Inc.*,
   2:19-cv-1278-BJR, Dkt. # 212 (W.D. Wash. Mar. 19, 2020).....................................................5

*Wre-Hol v. Pharos Sci. & Applications*,
   No. C09-1642MJP, 2010 WL 2985685 (W.D. Wash. July 23, 2010) ......................................4

**Other Authorities**

83 Fed. Reg. 51,340 (Oct. 11, 2018)................................................................................................3

ZILLOW'S SUPPLEMENTAL BRIEF IN SUPPORT OF A STAY
PENDING INTER PARTES REVIEW - iii
Case No. 2:20-cv-01130-TSZ, 2:20-cv-00851-TSZ

S U S M A N   G O D F R E Y   L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

Zillow submits this supplemental brief in support of staying the litigation with respect to IBM's claims for infringement of U.S. Patent Nos. 7,076,443, 8,315,904, and 7,072,849, for which Zillow has filed petitions for *inter partes* review ("IPR"), in response to the Court's December 23, 2020 Order requesting such briefing. Case No. 20-cv-851, Dkt. #138; Case No. 20-cv-1130, Dkt. #39. On September 18, 2020, Zillow filed four petitions for IPR: One petition each regarding the '443 and '904 Patents, and two petitions regarding the '849 Patent. *See* Dkt. #135. IBM filed its preliminary responses with the PTAB on December 23, 2020 ('443 and '904 Patents) and December 24, 2020 ('849 Patent). The PTAB will issue an institution decision no later than March 2021.

## I.     LEGAL STANDARD

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending [IPR]." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (internal citations omitted); *SRC Labs, LLC v. Amazon Web Services, Inc.*, C18-0317JLR, 2018 WL 6201489, at *2 (W.D. Wash. Nov. 28, 2018) (citing *Ethicon*). District courts in the Ninth Circuit "often grant stays pending [the] IPR process in light of the liberal policy in favor of granting motions to stay proceedings pending the outcome of [PTO] reexamination or reissuance proceedings." *Amazon.com, Inc. v. Uniloc USA, Inc.*, C17-1307JLR, 2018 WL 9633490, at *1 (W.D. Wash. Feb. 15, 2018) (internal quotation marks omitted). When deciding whether to stay a matter pending IPR, courts in this District consider "(1) whether a stay will simplify the court proceedings; (2) the stage of the case; and (3) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party." *SRC Labs*, 2018 WL 6201489, at *2 (citing *Pac. Bioscience Labs., Inc. v. Pretika Corp.*, 760 F. Supp. 2d 1061, 1063 (W.D. Wash. 2011)). Courts in this District apply these factors "regardless of whether an IPR petition is pending or has been granted." *Nat'l Prods. v. Arkon Res., Inc.*, No. C15-1984JLR, 2016 U.S. Dist. LEXIS 142744, at *8 (W.D. Wash. Oct. 14, 2016).

A "stay pending an IPR is not premature simply because the PTAB has not yet instituted the IPR." *SRC*, 2018 WL 6201489, at *2 (quotation marks omitted). Indeed, "it is not uncommon

ZILLOW'S SUPPLEMENTAL BRIEF IN SUPPORT OF A STAY
PENDING INTER PARTES REVIEW - 1
Case No. 2:20-cv-01130-TSZ, 2:20-cv-00851-TSZ

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

for courts to grant stays pending reexamination prior to the PTO deciding to reexamine the patent." *Anza Tech., Inc. v. Toshiba Am. Elec. Components Inc.*, No. 17-CV-07289-LHK, 2018 WL 4859167, at *2 (N.D. Cal. Sept. 28, 2018) (quotation marks and indication of alteration omitted). This Court recently granted a stay pending decisions on institution of four IPR petitions in *MacNeil Automotive Products Ltd. v. Yita LLC*, No. C20-278 TSZ (W.D. Wash. Aug. 13, 2020), Dkt. #73.

## II. ARGUMENT

### A. A stay will likely simplify court proceedings.

A stay pending the outcome of Zillow's IPR petitions has the potential to "simplify the case by rendering … infringement claims moot, estopping [the Petitioner] from asserting any arguments it raised or reasonably could have raised in the IPR, and providing the Court with PTAB's expert opinion on the claims at issue." *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1037 (N.D. Cal. 2015). "Even if the PTAB only partially grants the petitions, that may assist the parties in identifying asserted claims and terms for construction so that all may avoid the potentially frustrating result of proceeding to litigate claims that are ultimately cancelled." *Delphix Corp. v. Actifio, Inc.*, 13-CV-04613-BLF, 2014 WL 6068407, at *2 (N.D. Cal. Nov. 13, 2014).

"[T]he fact that the PTAB has not yet decided whether to institute an IPR does not require finding [the simplification] factor weighs against issuing a stay." *Uniloc USA, Inc. v. Apple Inc.*, No. 18-CV-00361-PJH, 2018 WL 2387855, at *2 (N.D. Cal. May 25, 2018). Nor does this "factor require[] the elimination of all issues in the litigation." *Pac. Bioscience*, 760 F. Supp. 2d at 1064. Rather, "[s]tays have been granted in numerous cases where reexamination would likely simplify, but not eliminate, all issues in the litigation." *Id.* Even where "a low likelihood that all claims will be cancelled" exists, stays have been granted in this District where USPTO statistics indicate a "greater than 50% chance" of "some claim modification." *Implicit Networks, Inc. v. Advanced Micro Devices, Inc.*, No. C08-184JLR, 2009 WL 357902, at *2 (W.D. Wash. Feb. 9, 2009).

That is clearly the case here. The PTAB has instituted **65.8%** of the petitions for IPR filed

ZILLOW'S SUPPLEMENTAL BRIEF IN SUPPORT OF A STAY
PENDING INTER PARTES REVIEW - 2
Case No. 2:20-cv-01130-TSZ, 2:20-cv-00851-TSZ

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

for electrical and computer patents in fiscal years 2012 through 2020.[1] Over the same period, it has found all claims unpatentable in **61.9%** of instituted IPRs that proceed to a final written decision, and at least some claims unpatentable in a further **18.4%**.[2] The odds are **95.3%** that Zillow's petitions will eliminate at least some asserted claims, and **88.1%** that they will succeed in invalidating *all* the asserted claims of *at least one patent*.[3] The "significant odds that the IPR petitions will substantially simplify this case … weigh[] in favor of granting [a] stay." *SRC Labs*, 2018 WL 6065635, at *3.

Even if the PTAB does not institute any of the petitions, its decisions may still streamline issues in this case. IBM's preliminary responses to Zillow's IPRs each request construction of terms that the parties have identified for construction in this litigation.[4] The PTAB will address these terms using the same standard as this Court. *See* Changes to the Claim Construction Standard for Interpreting Claims in Trial Proceedings Before the PTAB, 83 Fed. Reg. 51,340 (Oct. 11, 2018) (subjecting petitions filed after November 13, 2008, to claim construction standard in *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312–13 (Fed. Cir. 2005)). Though not binding, PTAB institution decisions applying this standard may be deemed persuasive by district courts construing the same patents in litigation. *See, e.g.*, *SunPower Corp. v. PanelClaw, Inc.*, No. CV 12-1633-MPT, 2016 WL 1293479, at *6 (D. Del. Apr. 1, 2016) (finding PTAB's construction of expired patent under the *Phillips* standard in decision denying institution "to be well-reasoned and persuasive.")

---

[1] USPTO, Trial Statistics IPR, PGR, CBM, p. 7 (3,684 of 5,603 "Electrical/Computer" patents petitions instituted), *available at* https://www.uspto.gov/sites/default/files/documents/trial_statistics_20200930.pdf.

[2] *Id.* at p. 11 (All claims unpatentable in 2,144 and some claims unpatentable in 627 of 3,414 final written decisions).

[3] The probability of eliminating *at least one* claim challenged in *at least one* petition can be can be calculated in Excel using the binomial distribution formula for the probability of one to four successes in four trials each having an individual probability equal to the institution rate times the rate of either complete or partial cancellation: BINOM.DIST.RANGE(4, (3684 / 5603) * ((2144 + 627) / 3414), 1, 4) = **0.953**. The probability that *all* claims challenged in *at least one* petition will be canceled is the same calculation with each trial having an individual probability of success equal to the institution rate times the complete cancellation rate: BINOM.DIST.RANGE(4, (3684 / 5603) * (2144 / 3414), 1, 4) = **0.881**.

[4] *Compare* Peaslee Decl. Exs. 1 through 4 (excerpts of IBM's Patent Owner Preliminary Responses to Zillow's IPR petitions) *with id.* Exs. 5 and 6 (the parties' respective preliminary claim constructions, served May 19, 2020).

ZILLOW'S SUPPLEMENTAL BRIEF IN SUPPORT OF A STAY
PENDING INTER PARTES REVIEW - 3
Case No. 2:20-cv-01130-TSZ, 2:20-cv-00851-TSZ

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

B.     **The early stage of the litigation supports staying the case.**

The limited proceedings in the case also favor a stay. No document, source code, or deposition discovery has occurred apart from production of prior case materials and pre-transfer patent rule disclosures by IBM.[5] The parties have not submitted a joint claim construction and prehearing statement. And the Court has not entered a scheduling order or set date for a *Markman* hearing or trial. In short, "[n]either the parties, nor the court, have invested the kind of resources that would render a stay pending reexamination untenable. To the contrary, the fact that substantial additional discovery, claim construction, and other issues lie ahead in this case weighs in favor of a stay." *SRC Labs*, 2018 WL 6065635, at *4 (citation omitted); *see Wre-Hol v. Pharos Sci. & Applications,* No. C09-1642MJP, 2010 WL 2985685, at *2 (W.D. Wash. July 23, 2010) (granting stay where discovery had commenced but would not soon close); *Pac. Bioscience*, 760 F. Supp. 2d at 1066 (same). Courts in this District have granted stays in cases far more advanced than this one. *See, e.g., Cywee Group Ltd. v. HTC Corp.*, C17-0932JLR, 2019 WL 3860303, at *6 (W.D. Wash. Aug. 16, 2019) (granting stay where discovery was nearly over and a trial date set).

C.     **A stay will not unduly prejudice IBM.**

IBM does not compete with Zillow. Its interest in asserting its patents consists solely of licensing them to third parties. "Courts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement." *Implicit Networks*, 2009 WL 357902, at *3; *see SRC Labs*, 2018 WL 6065635, at *4 (finding no undue prejudice where SRC and Microsoft did not directly compete); *Qualcomm Inc. v. Apple Inc.*, 3:17-CV-2403-CAB-MDD, 2018 WL 4104966, at *3 (S.D. Cal. Aug. 29, 2018) (granting stay and noting that "because Apple and Qualcomm are not direct competitors, any harm from a stay can be addressed through damages"); *IXI Mobile (R & D) Ltd. v. Samsung Elecs. Co. Ltd.*, 15-CV-03752-HSG, 2015 WL 7015415, at *4 (N.D. Cal. Nov. 12, 2015) ("[C]ourts have consistently found that where, as here, the parties are not direct competitors, Plaintiffs do not risk irreparable harm by

---

[5] The Court has suggested it may not require Zillow to produce source code or technical documents before IBM tenders infringement contentions in Case No. 2:20-cv-01130-TSZ. Peaslee Ex. 7 at 6:19-24; 7:24-10.

ZILLOW'S SUPPLEMENTAL BRIEF IN SUPPORT OF A STAY
PENDING INTER PARTES REVIEW - 4
Case No. 2:20-cv-01130-TSZ, 2:20-cv-00851-TSZ

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

Defendant's continued use of the accused technology and can be fully restored to the *status quo ante* with monetary relief." (internal quotation marks and alteration omitted)). The mere fact of delay "does not demonstrate undue prejudice" to such a party opposing a stay pending IPR. *SRC Labs*, 2018 WL 6065635, at *4 (citation omitted).

In *Ironburg Inventions Ltd. v. Valve Corporation*, 2:17-cv-1182-TSZ (W.D. Wash.), this Court granted a partial stay pending IPR of some asserted patents and explained that because the disputed claims of the patents not subject to IPR were distinct from those subject to review, "staying the latter claims pending the outcome of the associated proceedings before the PTAB, will likely simplify this litigation without causing undue prejudice or resulting in an unfair tactical advantage." *Id*. at Dkt. #148, p.2. As in *Ironburg*, the claims of the '443, '904, and '849 Patents concern technologies unrelated to the other patents at issue, warranting a partial stay here too.[6]

**D.     A stay comports with the phasing approach that the Court has suggested.**

In the Court's July 30, 2020 Minute Order, the Court "observe[d] that only one patent, the '183 Patent, is alleged to be infringed by all six Zillow systems," and three of those systems are accused of infringing only three of the seven patents-in-suit, "namely the '389, '789, and '183 Patents." Dkt. #125 at 3 & n.3. The Court then asked whether the case might be initially bifurcated into a Phase One resolving claims involving the '183 Patent, or resolving the claims involving the three Zillow systems accused of infringing only three patents. As Zillow indicated in the parties' Joint Status Report, such bifurcation is appropriate, *see* Dkt. #131 at 5–10, and a stay of the litigation with respect to the three patents under review—none of which are implicated by the Court's alternative initial phases—fits with this proposed means of staging the case.

Dated: January 8, 2021.                                             Respectfully submitted,

---

[6] The Court requested briefing regarding staying the action as to IBM's infringement claims for the patents for which Zillow has filed IPR petitions. However, courts in this District have also found a stay of the entire proceeding appropriate where the *Pacific Bioscience* factors are generally satisfied. *See, e.g., WAG Acquisition, LLC v. Flying Crocodile, Inc.*, 2:19-cv-1278-BJR, Dkt. # 212 (W.D. Wash. Mar. 19, 2020) (staying entire proceeding pending IPR of one out of four asserted patents). Because any decision by the PTAB regarding the patents under review may affect the Court's decision regarding how best to phase this case, should it not adopt its previously suggested phases, and could impact the potential for settlement by the parties, a complete stay would also be appropriate here.

ZILLOW'S SUPPLEMENTAL BRIEF IN SUPPORT OF A STAY
PENDING INTER PARTES REVIEW - 5
Case No. 2:20-cv-01130-TSZ, 2:20-cv-00851-TSZ

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

By: /s/ *Ian B. Crosby*
Ian B. Crosby, WSBA 28461
icrosby@susmangodfrey.com
Daniel Shih, WSBA 37999
dshih@susmangodfrey.com
Katherine Peaslee, WSBA 52881
kpeaslee@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

*Attorneys for Zillow Group, Inc. and Zillow, Inc*

ZILLOW'S SUPPLEMENTAL BRIEF IN SUPPORT OF A STAY
PENDING INTER PARTES REVIEW - 6
Case No. 2:20-cv-01130-TSZ, 2:20-cv-00851-TSZ

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

**CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Katherine M. Peaslee*
Katherine M. Peaslee

ZILLOW'S SUPPLEMENTAL BRIEF IN SUPPORT OF A STAY
PENDING INTER PARTES REVIEW - 7
Case No. 2:20-cv-01130-TSZ, 2:20-cv-00851-TSZ

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883