1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INTERNATIONAL BUSINESS
MACHINES CORPORATION,

            Plaintiff,

        v.

ZILLOW GROUP, INC.; and
ZILLOW, INC.,

            Defendants.

2:20-cv-00851-TSZ

**IBM'S SUPPLEMENTAL BRIEF**

INTERNATIONAL BUSINESS
MACHINES CORPORATION,

            Plaintiff,

        v.

ZILLOW GROUP, INC.; and
ZILLOW, INC.,

            Defendants.

2:20-cv-01130-TSZ

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

Pursuant to the Court's December 23, 2020 Minute Order, (Dkt. # 138), International Business Machines Corporation ("IBM") files this Supplemental Brief addressing (i) the status of the petitions for inter partes review ("IPR") as to U.S. Patents Nos. 7,072,849 (the "'849 Patent"), 7,076,443 (the "'443 Patent"), and 8,315,904 (the "'904 Patent"), and (ii) whether the proceedings in Case No. 2:20-00851 should be stayed in part as to the '849, '443, and '904 Patents pending resolution of the IPR proceedings.

IBM respectfully submits that the Court should decide on a partial stay based on whether the Patent Trial and Appeal Board ("PTAB") decides to institute trial on Zillow's IPR petitions.  If any IPR trials are instituted, the case should be stayed with respect to only those patents that are subject to an IPR trial.  Regardless of whether the Court bases a partial stay on filed IPR petitions or instituted IPR trials, however, IBM respectfully asks the Court to enter a schedule and confirm that the parties must comply with pending discovery obligations for patents that are not subject to a stay.

## I.      Procedural History and the Status of Zillow's IPR Petitions

IBM brought a first action, Case No. 2:20-00851-TSZ, against Defendants Zillow Group, Inc. and Zillow, Inc. (collectively "Zillow") on September 17, 2019 in the Central District of California.  (Dkt. # 1.)  Throughout the case, IBM moved diligently in meeting the Court's deadlines, including producing discovery and serving discovery requests on Zillow for technical and financial information, as required by the court in the Central District of California.  IBM first served Zillow with interrogatories and requests for production, including requests concerning technical and financial documents, nearly one year ago, on January 10, 2020.  (Dkt. # 48 at 7.)  Zillow has not provided any technical or financial information or documents in response to those requests.  The court in the Central District of California set a case schedule requiring Zillow to produce documents pursuant to N.D. Cal. P.L.R. 3-4 by April 24, 2020, which included "documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality" and "sales, revenue, cost, and profits for accused instrumentalities."  (Dkt. # 69 at 1-2.)  Zillow did not produce any

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700    FAX (206) 623-8717

1  technical or financial information on that date, and has not produced any such documents since.

2  (Dkt. # 118 at 6.)  IBM followed up regarding the missed production deadlines via letters to Zillow

3  on April 28 and May 8.  *Id.*  However, Zillow never complied with its discovery obligations.  *Id.*

4         On May 28, 2020, the case was transferred to this Court.  (Dkt. # 96 at 10.)  After transfer,

5  IBM continued to diligently request Zillow's technical and financial production.   IBM sent

6  additional letters on June 16 and July 2 regarding Zillow's deficiencies, and met and conferred with

7  Zillow several times to explain IBM's requests and address Zillow's objections.  (Dkt. # 118 at 6.)

8  On July 17, 2020, still with no technical or financial production nor any indication of any future

9  production from Zillow, IBM and Zillow filed a joint status report with the Court.  (Dkt. # 118.)  In

10 that report, IBM detailed the lack of technical and financial document production from Zillow.  *Id.*

11 at 6.  On July 21, 2020, IBM brought a second suit, Case No. 2:20-cv-01130-TSZ.  The Court then

12 held a telephonic status conference on July 23, 2020.  (Dkt. # 125 at 1.)  Following the status

13 conference, the Court entered a minute order on July 30, 2020, which requested a second joint status

14 report and included an order that "parties shall not file any motions in either of these cases without

15 leave of the Court."  *Id.* at 6.  The parties then filed the second joint status report on August 20, 2020.

16 (Dkt. # 131.)

17        On September 18, 2020, Zillow filed four petitions for inter partes review (IPR) against the

18 '443 Patent, the '904 Patent, and the '849 Patent.  *Zillow Group, Inc. et al. v. Int'l Bus. Machs. Corp.*,

19 Nos. IPR2020-01655, -01656, -01657, -01658 (PTAB Sept. 18, 2020).  (Exs. 1-4.)  Zillow's IPR

20 petitions cover three of the seven patents-in-suit.  Zillow filed those petitions exactly one year after

21 it was served with the complaint in this case, (Dkt. # 9-10), the last possible day to do so.  35 U.S.C.

22 § 315(b).  IBM filed its Patent Owner Preliminary Responses ("Preliminary Responses") for two of

23 the petitions on December 23, 2020.  *See Zillow Group Inc. et al. v. Int'l Bus Machs. Corp.*, Nos.

24 IPR2020-01655, -01656, Paper 6 (PTAB Dec. 23, 2020).  (Exs. 5-6.)  IBM then filed its Preliminary

25 Responses for the remaining two petitions on December 24, 2020.  *See Zillow Group Inc. et al. v.*

1    *Int'l Bus. Machs. Corp.*, Nos. IPR2020-01657, -01658, Paper 7 (PTAB Dec. 24, 2020).  (Exs. 7-8.)

2    None of the IPRs have been instituted.  The PTAB's institution decisions for the first and second

3    sets of IPRs are expected by March 23, 2021 and March 24, 2021, respectively.  *See* 35 U.S.C. § 314

4    (b).  Nearly a year after discovery opened, Zillow has not produced a single technical or financial

5    document related to any patent—including the four patents not subject to the IPR petitions.

6    **II.     The Court Should Decide Whether to Issue a Partial Stay Based on Any IPRs That
            Are Instituted, Not Based on IPR Petitions That Have Merely Been Filed.**

7

8            In many circumstances, courts in this District find that a stay is not warranted before an

9    institution decision.  *See Cascade Designs Inc. v. Thunder Box Inc.*, No. C15-987-MJP, 2016 WL

10   10591397, at *1 (W.D. Wash. Aug. 30, 2016) ("Because it is not certain the PTAB will grant

11   Defendant's IPR Petition, the Court cannot conclude that a stay will simplify the issues in this case.");

12   *Seymour Levine v. The Boeing Co.*, No. CV 14-1991-RSL, at 2 (W.D. Wash. July 29, 2015)

13   ("Because the PTO has not yet determined whether to conduct an *inter partes* review of the '618

14   patent, there is a significant chance that a review will never occur.  A stay at this point, then, may

15   have no salutary effects and would simply delay the litigation.") (Ex. 9); *Nautilus, Inc. v. Icon Health

16   & Fitness, Inc.*, No. C16-5393-RBL, at 2 (W.D. Wash. May 31, 2017) (similar) (Ex. 10).  In other

17   circumstances, courts have granted a stay before institution.  Here, there are two factors that counsel

18   against granting a stay before the PTAB decides whether to institute on Zillow's petitions.

19           First, a stay would encourage Zillow to continue withholding discovery.  This case has never

20   been stayed.  Yet Zillow has acted as if it were, and has not produced any financial or technical

21   information, whether in response to IBM's discovery requests or in response to Zillow's obligations

22   under the local rules.  Even a partial stay would provide another excuse not to produce documents—

23   without any indication that Zillow's IPRs merit institution.

24           Second, Zillow's IPRs are premised on claim construction positions that directly contradict

25   the positions it took before this Court.  Zillow told this Court that it would be "arbitrary and

---

IBM'S SUPPLEMENTAL BRIEF - 3
(Case Nos. 2:20-cv-00851-TSZ; 2:20-cv-01130-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

capricious" if the Court did not construe more than ten claims terms among the patents-in-suit.  (Dkt. # 131 at 11.)  Zillow contended that dozens of claim terms should be construed from the '443 patent and the '904 patent.  (Dkt. # 131-3 (Exhibit C) at 21-30, 44-77.)  Zillow identified two terms from each patent that it deemed especially important for this Court to construe.  (Dkt. # 131 at 15-16, 17-18.)  Zillow argued that "the parties have a fundamental dispute . . . that cannot be resolved by leaving the terms unconstrued . . . under the guise of plan meaning."  *Id.* at 19.

Yet Zillow took the opposite position and argued *for* plain meaning in its '443 and '904 IPR petitions.  Zillow told the PTAB that "the Board need not explicitly construe [any claim] terms here." (Ex. 1 at 9; Ex. 2 at 8.)  Zillow's IPR petitions thus "analyzed the claims using their plain and ordinary meaning."  *Id.*  Zillow provided no explanation on why its positions in the IPRs contradicted the positions it took before this Court.[1]  In fact, Zillow identified IBM's constructions from this case without disclosing Zillow's own constructions.  *See* Ex. 1 at 10-12; Ex. 2 at 9-13.  Nor did Zillow explain how it could ascertain the "plain and ordinary meaning" of the dozens of claim terms that it asks this Court to find indefinite.  (*See* Dkt. # 131-3 at 21-30, 44-77 (contending that sixteen terms from the '443 patent and eleven terms from the '904 patent are indefinite); *see also* Dkt. # 131 at 39.)  Zillow should not be permitted to set aside the positions it took before this Court while attempting to advance contradictory positions before the PTAB.  The Court should base a partial stay on whether the PTAB declines to institute, now that IBM has exposed Zillow's contradictory positions in its IPR Preliminary Responses.  (Ex. 5 at 10-12, 62-65; Ex. 6 at 15-17, 56-60.)

## III.    The Court Should Confirm that the Parties Must Comply with Discovery Obligations.

Regardless of how a partial stay is implemented, as this Court has recognized, this case should move forward.  (*See* July 23, 2020, H'rg Tr. at 43, 49-50.)  But currently, there is no schedule to progress the parties toward trial and Zillow has acted as if its discovery obligations have already

---

[1] Claims in district court litigation and IPR proceedings are both construed under the same standard.  *Changes to the Claim Construction Standard for Interpreting Claims in Trial Proceedings Before the Patent Trial and Appeal Board*, 83 Fed. Reg. 51,340 (Oct. 11, 2018).

IBM'S SUPPLEMENTAL BRIEF - 4
(Case Nos. 2:20-cv-00851-TSZ; 2:20-cv-01130-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1    been stayed.  Thus at present, the parties are in the same position they were before suit was filed:

2    they have starkly different views about the asserted patents but no opportunity to test those views

3    through discovery of relevant information.  As a result, the parties have no opportunity to reach a

4    common understanding of how this case is likely to progress and little incentive to engage in

5    settlement discussions.

6         The case of *International Business Machines Corporation v. Airbnb, Inc.* involved a similar

7    licensing dispute between IBM and Airbnb, and demonstrates why a schedule and discovery would

8    be helpful here.  C.A. No. 20-cv-351-LPS (D. Del.) ("*Airbnb*").  Like Zillow, Airbnb would not

9    agree to license IBM's patents despite extensive pre-suit discussions.  (*Airbnb*, Dkt # 1 ¶ 6.)  IBM

10   filed suit against Airbnb on March 11, 2020, but the parties were still unable to reach a settlement

11   early in the case.  (*Airbnb*, Dkt # 1.)  Only once a scheduling order was issued in November did the

12   parties began to have serious discussions.  (*Airbnb*, Dkt # 37.)  The parties settled soon thereafter,

13   on December 23, 2020.  (*Airbnb*, Dkt # 57.)

14        Thus, in conjunction with any stay order, IBM respectfully requests that the Court direct the

15   parties to comply with outstanding discovery obligations relating to the non-stayed patents within

16   30 days.  IBM also proposes that the Court enter the schedule IBM suggested in the July 17, 2020

17   Joint Status Report—adjusted by six months to account for time passed.  (*See* Dkt # 118 at 19.)  That

18   would result in the following deadlines for the non-stayed patents:

19   • Joint Claim Construction Chart: February 8, 2021

20   • Close of Fact and Expert Discovery: September 20, 2021

21   • Opening Dispositive Motions: November 1, 2021

22   • Final Pretrial Conference: March 7, 2022

23   Whether the Court bases a partial stay on filed IPR petitions or any instituted IPR trials, the Court

24   has the opportunity to enter a schedule while still giving Zillow a chance to narrow the case through

25   IPR.  That approach would move the case forward in an efficient and effective manner.

IBM'S SUPPLEMENTAL BRIEF - 5
(Case Nos. 2:20-cv-00851-TSZ; 2:20-cv-01130-TSZ)

DATED this 8th day of January, 2021.

HARRIGAN LEYH FARMER & THOMSEN LLP

By: _s/Arthur W. Harrigan, Jr._
By: _s/Tyler L. Farmer_
    Arthur W. Harrigan, Jr., WSBA #1751
    Tyler L. Farmer, WSBA #39912
    999 Third Avenue, Suite 4400
    Seattle, WA  98104
    Tel:  (206) 623-1700
    Fax: (206) 623-8717
    Email:  arthurh@harriganleyh.com
    Email:  tylerf@harriganleyh.com

DESMARAIS LLP
    John M. Desmarais (*pro hac vice*)
    Karim Z. Oussayef (*pro hac vice*)
    Brian D. Matty (*pro hac vice*)
    Brian Leary (*pro hac vice*)
    Alexandra E. Kochian (*pro hac vice*)
    John Dao (*pro hac vice*)
    Jun Tong (*pro hac vice*)
    230 Park Avenue, 26th Floor
    New York, NY 10169
    Tel:  (212) 351-3400
    Fax: (212) 351-3401
    Email:  jdesmarais@desmaraisllp.com
    Email:  koussayef@desmaraisllp.com
    Email:  bmatty@desmaraisllp.com
    Email:  bleary@desmaraisllp.com
    Email:  akochian@desmaraisllp.com
    Email:  jdao@desmaraisllp.com
    Email:  jtong@desmaraisllp.com

*Attorneys for International Business Machines Corporation*

IBM'S SUPPLEMENTAL BRIEF - 6
(Case Nos. 2:20-cv-00851-TSZ; 2:20-cv-01130-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717