UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ZILLOW GROUP, INC.; and ZILLOW, INC.,<br><br>Defendants. | C20-851 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Having reviewed the parties' supplemental briefs, docket nos. 139 and 140, respectively, the Court STAYS the proceedings in this matter with regard to U.S. Patents Nos. 7,072,849 (the "'849 Patent"), 7,076,443 (the "'443 Patent"), and 8,315,904 (the "'904 Patent") pending resolution of the inter partes review ("IPR") petitions before the Patent Trial and Appeal Board ("PTAB") of the U.S. Patent and Trademark Office. Defendant has advocated in favor of an immediate stay. Plaintiff agrees that a stay would be appropriate if the PTAB grants defendant's petitions to institute IPR proceedings, but contends that, during the interim, it should be permitted to conduct discovery and challenge the claim construction positions defendant has taken in this case, which are allegedly inconsistent with the arguments made to the PTAB. The Court is not persuaded by plaintiff's arguments. The parties anticipate that the PTAB will rules on the IPR petitions in March 2021, and the Court can then reconsider the appropriateness of this stay in light of the PTAB's actions. Even if the Court did not stay the claims involving the '849, '443, and '904 Patents, discovery relating to those matters would lag behind proceedings involving the proposed bellwether, namely U.S. Patent No. 9,245,183 (the "'183 Patent"), and possibly the claims involving U.S. Patents No. 7,187,389 (the "'389 Patent") and 9,158,789 (the "'789 Patent"). *See* Minute Order at ¶¶ 5(a)(i)(A)&(B) (docket no. 125). In addition, to the extent that defendant has expressed different views in different forums, no purpose would be served by this Court deciding the issues while the IPR petitions are pending before the PTAB.

MINUTE ORDER - 1

(2)     In light of the above-imposed stay, the following claims remain pending:

|  | '389 Patent Redpath | '346 Patent Hinton | '789 Patent Garrett | '183 Patent Haas |
|---|---|---|---|---|
| Zillow Group Media | X |  | X | X |
| Zillow Mobile Apps | X | X | X | X |
| Zillow Offers | X |  | X | X |
| Zillow Premier Agent |  |  |  | X |
| Zillow Promoted Communities | X |  | X | X |
| Zillow Website | X | X | X | X |

At the status conference on Friday, January 22, 2021, the parties shall be prepared to address the following issues:

(a)     whether the Court should consider patentability (*i.e.*, any challenge under 35 U.S.C. § 101) on the '183 Patent first (a bellwether approach) or as to more or all of the patents identified in the above chart at the same time;

(b)     what briefing schedule the Court should establish depending on its ruling as to the issue in Paragraph 2(a), above;

(c)     whether materials beyond the patent and prosecution history must be considered in connection with a § 101 analysis;

(d)     whether the Court should issue a scheduling order <u>before</u> or <u>after</u> ruling on whether patentability may be decided in advance of discovery and, if so, whether the bellwether and/or other patents pass muster under § 101;

(e)     if the '183 Patent is not consistent with the requirements of § 101, whether the claims and counterclaims involving Zillow Premier Agent should be separated from this case and joined into Case No. C20-1130 TSZ;

(f)     if any patent survives § 101 review, how the litigation should proceed, including whether consumer-facing and business-facing products should be bifurcated, any issues relating to discovery, and the scope, timing, and procedures for claim construction and indefiniteness challenges; and

(g)     any other matters raised in the Joint Status Report, docket no. 131

(3)     Defendant's unopposed motion for clarification, docket no. 145, is GRANTED.  The Court is considering the appointment of a Rule 706 expert to assist in all stages of this litigation.

MINUTE ORDER - 2

(4)     At the status conference, the parties shall be prepared to discuss whether an expert for each side should be permitted to present a 30-60 minute tutorial on patentability in advance of the Court's consideration of the issue.  In addition, the parties shall address whether the Court should appoint a Rule 706 expert to provide an independent § 101 analysis on the '183 Patent and/or other patents, and whether the Rule 706 expert should be asked to provide a tutorial in advance of the Court's consideration of patentability.

(5)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 19th day of January, 2021.

William M. McCool  
Clerk

s/Gail Glass  
Deputy Clerk

MINUTE ORDER - 3