UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INTERNATIONAL BUSINESS
MACHINES CORPORATION,

        Plaintiff,

  v.

ZILLOW GROUP, INC.; and ZILLOW, INC.,

        Defendants.

C20-851 TSZ

MINUTE ORDER

     The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

     (1)    By Minute Order entered January 19, 2021, docket no. 147, the Court stayed proceedings relating to U.S. Patents Nos. 7,067,443 (the "'443 Patent"), 7,072,849 (the "'849 Patent"), and 8,315,904 (the "'904 Patent") pending resolution of certain inter partes review ("IPR") petitions before the U.S. Patent and Trademark Office's Patent Trial and Appeal Board ("PTAB"). The PTAB has instituted inter partes review as to the '443 and '904 Patents, and this matter remains stayed as to those two patents. *See* Exs. A & B to Defs.' Notice (docket nos. 159-1 & 159-2). The PTAB has declined, however, to institute inter partes review as to the '849 Patent, <u>see</u> Exs. A & B to Pl.'s Notice (docket nos. 160-1 & 160-2); <u>see also</u> Ex. A to Pl.'s Notice (docket no. 169-1), and the partial stay of this matter is LIFTED as to the '849 Patent.[1]

---

[1] The '443 and '849 Patents are the subjects of litigation in the Southern District of New York between Chewy, Inc. and International Business Machines Corporation ("IBM"). <u>See</u> Compl. & Am. Answer & Am. Countercls. (docket nos. 1 & 41, S.D.N.Y. Case No. 1:21-cv-1319-JSR). The New York matter also concerns U.S. Patent No. 9,569,414 (the "'414 Patent"), <u>see id.</u>, which is one of five patents-in-suit in another (currently stayed) case pending in this district, <u>Int'l Bus. Machs. Corp. v. Zillow Group, Inc., et al.</u>, W.D. Wash. Case No. C20-1130 TSZ. In the

MINUTE ORDER - 1

(2) By Order entered July 15, 2021, docket no. 171, the Court granted in part and denied in part defendants' motion for judgment on the pleadings, ruling that defendants are entitled to judgment on the pleadings in their favor as to plaintiff's claims of infringement relating to U.S. Patents No. 7,187,389 (the "'389 Patent") and 9,158,789 (the "'789 Patent"). The parties have submitted a Joint Status Report, docket no. 173, in which they indicate agreement that the Court should enter partial judgment pursuant to Federal Rule of Civil Procedure 54(b). Whether an order confers appellate jurisdiction pursuant to Rule 54(b) is a question of Federal Circuit law. *See iLOR, LLC v. Google, Inc.*, 550 F.3d 1067, 1072 (Fed. Cir. 2008). Under Federal Circuit jurisprudence, the bare recitation of "no just reason for delay" is insufficient to certify a matter for immediate appeal. *Id.* In deciding whether to enter "a final judgment as to one or more, but fewer than all, claims" in an action, Fed. R. Civ. P. 54(b), the Court must weigh various factors, including the need for an immediate appeal, the policy against piecemeal review, and the separateness of the resolved and remaining claims. *See Spraytex, Inc. v. DJS&T*, 96 F.3d 1377, 1382 (Fed. Cir. 1996); *see also Intell. Ventures I LLC v. Cap. One Fin. Corp.*, 850 F.3d 1332, 1336 (Fed. Cir 2017) (considering "the relationship between the adjudicated and unadjudicated claims"). In this case, these considerations support entry of a partial judgment. The Court's invalidation of the '389 and '789 Patents because they are not directed to eligible subject matter was a ruling on a matter of law and would have ripened into a final judgment had the patents been asserted in separate lawsuits. Moreover, as reflected in the parties' Joint Status Report, docket no. 173, the '389 and '789 Patents are "in *substance* . . . so different [from the rest of IBM's asserted patents] that the risk of overlap and relatedness is small," *see Smart Sys. Innovations, LLC v. Chi. Transit Auth.*, No. 14 C 08053, 2015 WL 12826473, at *2 (N.D. Ill. Nov. 10, 2015) (emphasis in original), and the Federal Circuit is unlikely to be required to decide the same issues twice. Finally, given the nascent stage of the proceedings concerning the other patents-in-suit, as to two of which the matter is stayed, immediate review offers a "solid chance that the appeal will be decided before the remaining claims go to trial," *see id.*, and that the Court might know in advance of any trial whether the '389 Patent or the '789 Patent should be part of that process. For the foregoing reasons, the Court certifies that "no just reason for delay" exists, Fed. R. Civ. P. 54(b), and the Clerk is DIRECTED to enter partial judgment consistent with the Order dated July 14, 2021, docket no. 171, in favor

---

New York action, a motion challenging the validity of the '443 and '414 Patents pursuant to 35 U.S.C. § 101 and *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208 (2014), was recently denied. *See* Order (docket no. 66, S.D.N.Y. Case No. 1:21-cv-1319-JSR). The '849 Patent was not similarly attacked under § 101 in the New York litigation, *see id.*, and in the parties' Joint Status Report in this case, defendants do not propose to file a § 101 motion concerning the '849 Patent, *see* Joint Status Report at § II.C (docket no. 173). The New York Court has set a telephonic claim construction hearing for September 17, 2021, which will involve all patents-in-suit in that litigation, including the '443, '849, and '414 Patents. *See* Ex. A to Defs.' Notice (docket no. 177); *see also* Ex. A to Defs.' Notice (docket no. 174) (Joint Claim Terms Chart filed in S.D.N.Y. Case No. 1:21-cv-1319-JSR).

of defendants Zillow Group, Inc. and Zillow, Inc. and against plaintiff IBM with regard to the '389 and '789 Patents.

(3) Having reviewed the parties' Joint Status Report, docket no. 173, the Court DECLINES defendants' requests to (i) sever and/or stay the claims relating to U.S. Patent No. 7,631,346 (the "'346 Patent"), (ii) permit another round of preliminary motion practice concerning U.S. Patent No. 9,245,183 (the "'183 Patent"), and/or (iii) consider an obviousness-type double-patenting challenge to the '849 Patent in advance of claim construction. To summarize, of the seven patents-in-suit, two remain stayed (the '443 and '904 Patents), two have been declared invalid (the '389 and '789 Patents), and three will now proceed to the next phase of litigation (the '849, '346, and '183 Patents). The parties shall file another Joint Status Report within fourteen (14) days of the date of this Minute Order setting forth a proposed trial date and related deadlines, as well as any scheduling conflicts that the parties, counsel, and/or witnesses might have.

(4) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 30th day of August, 2021.

<u>Ravi Subramanian</u>
Clerk

<u>s/Gail Glass</u>
Deputy Clerk

MINUTE ORDER - 3